STATE of Missouri, Plaintiff-Respondent,

v.

Henry HAGEDORN, Defendant-Appellant.

No. 45947.

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1957.

No brief filed for appellant.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for respondent.

HYDE, Judge.

This is a proceeding under Supreme Court Rule 27.26 (42 V.A.M.S. 120) to vacate judgment sentence of November 20, 1936 for 15 years imprisonment for first degree robbery by means of a dangerous and deadly weapon. Sections 560.120 and 560.135; statutory references are to RSMo and V.A.M.S. The Court denied relief and defendant has appealed, seeking review under Supreme Court Rule 28.05.

The information in the 1936 case in which defendant was convicted and sentenced alleged a previous conviction on April 28, 1930 for first degree robbery with sentence of ten years and alleged imprisonment thereon in the penitentiary, discharge after lawful compliance with this sentence and the commission of the 1936 robbery thereafter. However, at the hearing in this case, the evidence showed that defendant had appealed his 1930 conviction and that his appeal was not dismissed until June 21, 1937.

Defendant contends that the information in the 1936 case was fatally defective and the judgment therein void because of alleging the 1930 conviction, compliance with that sentence and discharge therefrom, when in fact the 1930 judgment and sentence was still pending on appeal at the time of the 1936 judgment and sentence.

The Court's reasons stated for denial of relief herein were that the transcript of the 1936 case, offered in evidence by defendant, showed that when the evidence of the 1930 conviction was offered in the 1936 trial, no objection was made; and that defendant's motion for new trial therein made no claim of error concerning its admission. The Court also noted the jury was instructed not to consider the matter of previous conviction in determining the guilt or innocence of defendant in the case on trial, the instruction stating, among other things: "The fact of a former conviction, if you find it to be a fact, should be considered by the jury only as bearing upon the question of the amount of the punishment you are to inflict in case you find him guilty under the present charge. You should be

careful in your deliberations that the fact, if you find it to be a fact, of prior convictions and serving in the penitentiary does not influence your judgment as to defendant's guilt or innocence of the present offense of robbery."

▬ It is obvious that the jury did not find a previous conviction, with sentence served and discharge therefrom, because they fixed defendant's punishment at 15 years imprisonment. If they had found such a previous conviction, imprisonment for life would have been mandatory under Section 556.280. Although the information made an allegation of previous conviction, sentence, compliance and discharge which the State could not prove in the 1936 trial, this would not make it defective in charging the offense upon which defendant was convicted. (It was not even claimed that this offense was not properly charged.) Apparently, from the Circuit Court records introduced herein, when the evidence concerning the former conviction offered by the State at the 1936 trial (the testimony of the Deputy Clerk from the records) showed the appeal from the 1930 conviction was still pending, the State then abandoned the claim of applicability of the habitual criminal statute, requesting the above referred to cautionary instruction concerning its effect on the merits. (This also seems apparent from the documents filed here in the 1936 case appeal which are part of the records of this Court.) Admission of this evidence of the 1930 conviction under the circumstances might have been a ground of error in the 1936 trial that could have been considered prejudicial on appeal had it then been properly raised and preserved. See State v. St. Clair, Mo.Sup., 261 S.W.2d 75. However, this was not done and defendant's appeal in the 1936 case was dismissed on September 12, 1939.

▬ A motion under Rule 27.26 may not be used as a substitute for a motion for new trial (State v. Cerny, Mo.Sup., 286 S.W.2d 804) nor function as an appeal. Shobe v. U. S., 8 Cir., 220 F.2d 928; Burns v. U. S., 10 Cir., 229 F.2d 87, certiorari de-

nied 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445, rehearing denied 351 U.S. 958, 76 S.Ct. 851, 100 L.Ed. 1481, rehearing denied 352 U.S. 861, 77 S.Ct. 26, 1 L.Ed.2d 72; Taylor v. U. S., 10 Cir., 229 F.2d 826, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Annotation, 20 A.L.R. 2d 987–988. "The proceedings under Rule 27.26 constitute a collateral attack upon the judgment, and they must meet all the requirements of a collateral attack." State v. Kitchin, Mo.Sup., 300 S.W.2d 420, 421; see, also, State v. Shell, Mo.Sup., 299 S.W.2d 465; State v. Sickler, Mo. Sup., 293 S.W.2d 957. The grounds stated in the Rule are that "sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack." No such grounds are stated in defendant's motion and nothing is shown that would be grounds for collateral attack.

The judgment is affirmed.

All concur.