STATE of Missouri, Respondent,

v.

Leroy SMITH, Appellant.

No. 46509.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

No attorney for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

DALTON, Judge.

On July 22, 1957, petitioner filed in the Circuit Court of the City of St. Louis a petition entitled "Petition for Writ of Error Coram Nobis." The petition was denied without a hearing and petitioner appealed.

In the petition it was alleged that petitioner had theretofore on the 16th day of June, 1950, been convicted in said court of robbery in the first degree by means of a dangerous and deadly weapon under the Habitual Criminal Act and sentenced to imprisonment in the state penitentiary for the remainder of his natural life; and that he was presently imprisoned and held in the state penitentiary under the authority of that sentence and judgment.

It was further alleged that the amended information purporting to charge the criminal offense of "Seven Prior Convictions of a Felony and Robbery in the First Degree by means of a Dangerous and Deadly Weapon under the statute known as the Habitual Criminal Act" was insufficient and fatally defective " * * * inasmuch as it, the said, 'Amended Information' in setting for [sic] the alleged prior convictions fails to meet all the essential elements of an 'Information' charging the habitual criminal, or prior conviction, offense" in that the amended information "fails to set forth therein the dates when petitioner was completely discharged from the alleged prior convictions * * * that no dates are shown thereon as to when, if ever, petitioner was finally discharged from any of the alleged prior convictions."

It was further alleged that the judgment entered and the sentence for the period of petitioner's natural life, was void and cannot be permitted to stand because " * * * John P. Montrey, an Attorney at Law, the counsel of record of this petitioner, * * *

was not present at the time the verdict of the jury was returned against this petitioner nor was he present when petitioner was sentenced to the Missouri State Penitentiary for the period of 'Natural Life' "; and that " * * * petitioner was, therefore, denied his Constitutionally guaranteed right to representation by counsel when charged with a capital offense."

The prayer of the petition was that the court "set aside the conviction and subsequent sentence" and " * * * order the discharge of this petitioner from further imprisonment; order a new trial or issue such other orders in behalf of this petitioner as the Court may deem meet and proper to provide from the premises hereof."

In view of the allegations of the petition the trial court apparently treated the motion as one filed under Supreme Court Rule 27.26, 42 V.A.M.S. and, since the motion and the files and records of the court in the case referred, showed to the satisfaction of the court that the petitioner (prisoner) was entitled to no relief, the motion was overruled and relief denied without a hearing. See Supreme Court Rule 27.26. Petitioner, thereupon, filed notice of appeal to this court and, on motion, the petitioner was permitted to appeal as a poor person "without payment of such costs and expenses", and with the costs of a transcript to be taxed against the state in accordance with Section 485.100 (Laws 1955, p. 499).

The transcript filed in this court on appeal contains a copy of the amended information which was filed February 28, 1950. The transcript also sets out the instructions given to the jury and the verdict returned, and shows the filing and overruling of the motion for a new trial and the judgment of the court. Why the instructions were set out in this transcript does not appear. They were not material to any issue presented, nor were they a part of what was formerly referred to as the record proper in the case.

The amended information alleged seven prior felony convictions of the defendant, states the dates, offenses and punishments assessed against · defendant (petitioner here) and recites the imprisonment and discharge of defendant after each sentence upon lawful compliance with said sentence and, after alleging the seven prior felonies, the convictions and dates, the service of each sentence by defendant and his discharge as stated, it alleged the commission of the offense upon which the new prosecution was based *"after"* the last discharge upon the completion of the prior sentence. It is clear from the allegations of the amended information that the offense being prosecuted was alleged to have been committed after all of the seven convictions had been had, the sentences therefor had been imposed and served and defendant discharged upon completion of all such sentences, but the dates of the several discharges on completion of the several sentences were not stated.

The transcript further shows that the defendant entered a plea of not guilty; that he was represented by an attorney, John P. Montrey; that the cause was tried to a jury on May 15 and 16, 1950; that the defendant and his attorney, John P. Montrey, were present in open court at the trial; that a verdict was returned into open court by which the jury found the "defendant guilty of seven prior convictions of a Felony and Robbery, 1st Degree by Means of a Dangerous and Deadly Weapon as charged in the information" and assessed his punishment at imprisonment in the penitentiary for the remainder of his natural life; and that on June 16, 1950, the court entered judgment and sentence in conformity to the verdict. The judgment entered, in part, states: "Now, at this day comes the Assistant Circuit Attorney for the State, and also çomes the defendant herein, in person, in the custody of the Sheriff of the City, and in the presence of John Montrey, Attorney and Counsel, in open Court, whereupon said defendant is informed by the Court that he has heretofore been found guilty of the crime of Seven (7) Prior Convictions of a Felony and Robbery First Degree by means of a Dangerous and Deadly Weapon * * *." The rest of the judgment is not material to the issues presented, but it is in proper form.

 The writ of error coram nobis lies to correct errors of fact which, if they had been before the court, would have prevented the adjudication, but it will not lie in a criminal case where the applicant at the time of, or before, the trial knew the fact complained of, or by the exercise of reasonable diligence might have known it. It is not a proper remedy to correct errors of law appearing upon the face of the record and, therefore, does not lie to set aside a conviction because the information does not support the verdict. State ex rel. Orr. v. Latshaw, 291 Mo. 592, 237 S.W. 770, 772; State v. Stanley, 225 Mo. 525, 125 S.W. 475, 477. If the amended information in question here was fatally defective on the grounds stated in appellant's petition, it is apparent that the defect could not be reached by writ of error coram nobis since the defect, if any, appeared on the face of the record. The trial court, therefore, properly considered the motion as one filed under Supreme Court Rule 27.26.

██ "Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack." State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. Further, it is well settled that a motion under Rule 27.26 may not be used as a substitute for a motion for new trial nor function as an appeal. State v. Hagedorn, Mo.Sup., 305 S.W.2d 700, 702.

██ Writs of error coram nobis and proceedings under Supreme Court Rule

27.26, like habeas corpus proceedings, are in their nature civil rather than criminal proceedings. State v. Cerny, supra, 286 S.W.2d 804, 806; State ex rel. Board of Education of City of St. Louis v. Nast, 209 Mo. 708, 108 S.W. 563, 569. And see Stidham v. United States, 8 Cir., 170 F.2d 294. A proceeding by motion under Supreme Court Rule 27.26 attacking a judgment of conviction in a criminal case is a civil proceeding in the nature of independent action and provides for collateral inquiry into the validity of the conviction. State v. Cerny, supra; State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279. And see Taylor v. United States, 8 Cir., 229 F.2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, which was a proceeding under 28 U.S.C.A. § 2255 relating to judgments of Federal courts and contains provisions in substance similar of Supreme Court Rule 27.26. In the case of Gershon v. United States, 8 Cir., 243 F.2d 527, 529, certiorari denied 355 U.S. 873, 78 S.Ct. 124, 2 L.Ed.2d 78, it was held that a motion under 28 U.S.C.A. § 2255 filed by a convicted defendant to vacate a judgment of conviction was not a step in the criminal proceedings against him, but was like habeas corpus, a means of testing the validity of his detention after conviction; and that in such case no court is required to grant leave to a defendant to appeal in forma pauperis from a denial of such a motion where it is obvious that his appeal is doomed to futility.

■ As stated, the defect here alleged is that the amended information is defective because of the failure to allege the specific dates on which defendant had completed the service of each of the seven sentences alleged and the date on which he had been discharged therefrom on such compliance. However, it was unnecessary to the statement of a valid charge under the Habitual Criminal Act for the information to allege the specific dates of discharge where the information complied with the terms of the statute and alleged discharges upon compliance with sentence as to each

of the prior sentences and the subsequent commission of the new offense charged. Section 556.280 RSMo 1949, V.A.M.S.; State v. Harrison, 359 Mo. 793, 223 S.W.2d 476, 478(2, 3); State v. Whipkey, 358 Mo. 563, 215 S.W.2d 492, 495(7); State v. Jonas, Mo.Sup., 260 S.W.2d 3, 6; State v. Kelley, Mo.Sup., 258 S.W.2d 611, 612; State v. Foster, Mo.Sup., 251 S.W.2d 675, 677.

The second complaint made by petitioner-appellant in his petition is that he was improperly sentenced to life imprisonment because the jury returned its verdict and the court imposed sentence when his counsel was not present. An affidavit of one John P. Montrey was incorporated in the petition, in which affidavit it was stated that affiant, a duly licensed member of the Missouri Bar, was appointed by the Circuit Court of the City of St. Louis to represent petitioner in the mentioned prosecution; that he did represent petitioner in said criminal proceeding; and that he was not present in the courtroom when the jury returned its verdict, nor at the time the sentence of life imprisonment was pronounced by the court. The petition further stated that "Petitioner not having been represented by counsel at time he was found guilty by the jury and at the time the said jury returned its verdict into open Court—not having been represented by counsel at the time he was sentenced to a term of 'Natural Life' imprisonment * *" petitioner was denied his constitutional right to representation by counsel.

■ The certified copy of the judgment, as set forth in the transcript filed in this court, squarely contradicts the affidavit of petitioner and his attorney that counsel was not present in court with defendant when the sentence was imposed and the judgment rendered. It affirmatively appears from the solemn judgment of the court that the defendant was sentenced in the presence of his said counsel. The written record must and does control.

■ In the case of State v. Harrison, Mo.Sup., 299 S.W.2d 479, 482, this court said: "A circuit court can speak only through its records, which import absolute verity and its judgments cannot be impeached by oral testimony. Moreover, we have specifically held that a recital in a judgment that defendant was represented by an attorney (or appeared in the presence of his attorney) could not be impeached by oral evidence. State v. Terrell, Mo. Sup., 276 S.W.2d 219; Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; Flansburg v. Kaiser, Mo.Sup., 184 S.W.2d 1004." Petitioner cannot, therefore, be allowed to contradict the affirmative recitals of the judgment of the court and his petition stated no valid ground for relief on this issue in view of the record.

There remains the question of whether defendant's counsel was present in the courtroom when the jury "returned its verdict into open court." The transcript shows that John P. Montrey, Esq., appeared for defendant in the trial of the cause before a jury in the circuit court; and that, on the last day of the trial, "the 16th day of May, 1950, the jury returned into open court its verdict in the above entitled cause." The verdict is then set out.

■ While the record in express words does not state that defendant's counsel was then present in the courtroom, there is nothing in the record to indicate that counsel was not still present, properly representing the defendant. It must be presumed that the court acted in a proper manner and, since no record is presented indicating a change of conditions or the departure of defendant's counsel from the court, we must assume that he continued to represent the defendant. See State v. Beedle, Mo.Sup., 180 S.W. 888, 890(6).

■ If counsel was not present in open court when the jury returned its verdict, there is nothing in the court records or in petitioner's petition to indicate counsel's absence was not voluntary or that he did not continue to represent defendant regardless of any such absence. The judgment will not be vacated because counsel may have voluntarily left the courtroom and chosen not to be present when the verdict was rendered.

■ The record presented does show that a motion for new trial was filed by defendant's counsel within ten days after the rendition of the verdict. No complaint is made therein as to any prejudice resulting to defendant from the absence, if any, of his counsel from the courtroom when the verdict was returned. Further, no facts are stated in petitioner's present petition tending to show that any prejudice resulted to petitioner from any alleged absence of his counsel from the courtroom at the particular time the verdict was returned. In this connection it should be stated that Section 546.030 RSMo 1949, V.A.M.S. specifically provides that the verdict may be received in absence of the defendant where such absence is willful or voluntary. This court has held that this statutory provision is not in violation of any constitutional rights of a defendant; and that a court does not err in so receiving a verdict in the voluntary absence of the defendant. See such cases as State v. Crocket, 90 Mo. 37, 44, 1 S.W. 753; State v. Hope, 100 Mo. 347, 358, 13 S.W. 490, 8 L.R.A. 608; State v. Beedle, supra, 180 S.W. 888, 890; State v. McCrary, 365 Mo. 799, 287 S.W.2d 785. Further, the statute (Sec. 546.030) expressly states that "when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial." This court should not require a higher standard of proof as to the continued presence of counsel than the law requires as to the presence of the defendant.

■ After carefully considering all of the allegations stated in petitioner's petition we may say that, whether we consider

the petition as one for a writ of error coram nobis or as one filed under Supreme Court Rule 27.26, the facts stated therein, in view of the record in the trial court where the petition was filed, do not entitle petitioner to any relief. The court did not err in denying the petition without a hearing. Supreme Court Rule 27.26; State v. Cerny, supra. Further, the action being a mere civil proceeding, petitioner was not entitled to a free transcript on appeal.

The judgment is affirmed.

All concur.