STATE of Missouri, Respondent,

v.

Jesse Theodore HECKE, Appellant.

No. 46642.

Supreme Court of Missouri,
Division No. 2.

Oct. 12, 1959.

Jesse Theodore Hecke, appellant, pro se.

John M. Dalton, Atty. Gen., George E. Schaaf, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

A jury, on December 21, 1954, found that Jesse Theodore Hecke, in killing Thurman Grace, was guilty of murder in the second degree and fixed his punishment at life imprisonment. On June 13, 1957, Hecke filed in the court in which he had been tried what he has denominated "a petition for writ of error coram nobis." The trial court treated the petition as a motion to vacate the judgment and sentence under Rule 27.26, 42 V.A.M.S. (State v. Eaton, Mo., 280 S.W.2d 63), appointed counsel to represent him (the same lawyer appointed to represent him in the trial of his case), and, after a hearing, denied the motion. The appeal is from the order entered in the proceeding to vacate the sentence.

The original or principal trial was had on the 20th and 21st days of December 1954, and in his petition and brief the appellant states that immediately after the jury returned its verdict he was formally sentenced and that "no time was permitted by the trial Court for the filing of a (motion for) new trial as permitted by law and the Rules of this Court." In the murder trial the principal witness for the state was Lelia Grace, "the wife of the man who was said to have been murdered by the appellant," and the specific point he seeks to raise in this proceeding, having been deprived, allegedly, of the right to file a motion for a new trial, is that the testimony of

Mrs. Grace should have been stricken from the record for the reason that she had been adjudicated a person of unsound mind and was therefore "not competent to testify in a criminal proceeding," V.A.M.S., Sec. 491.060.

With regard to the specific point the transcript in this proceeding reveals that when the question of Mrs. Grace's competency as a witness arose in the trial of the principal case the court interrupted the trial and independently determined her competency. The court considered the fact of her adjudication, her intermittent confinements and paroles and found as a matter of fact that she was competent to testify to the facts of her husband's murder. State v. Herring and Baldwin, 268 Mo. 514, 188 S.W. 169; State v. Barker, 294 Mo. 303, 242 S.W. 405; annotations 26 A.L.R. 1491, 148 A.L.R. 1140. In addition, it was the court's view that Mrs. Grace's competency as a witness was not a matter that could properly be raised and determined on a motion to vacate the sentence under Rule 27.26, but was a matter of exception and must have been presented and raised in a motion for a new trial in the principal case. 58 Am.Jur., Secs. 208–213, pp. 142–145; 4 C.J.S. Appeal and Error §§ 289, 294, pp. 858, 903; 4A C.J.S. Appeal and Error § 792, p. 671.

■■ If in point of fact the appellant was unjustly deprived of the right to file a motion for a new trial it may be, as he now claims, that his right to a fair trial was infringed and that due process was denied. State v. Eaton, supra. But the transcript in this proceeding reveals that the facts as to the failure to file a motion for a new trial were as developed in a colloquy between court and counsel:

"By the Court: * * * Of course, these other points you have raised they might have been raised on your motion for new trial, or taken upon pleading on that point. You might have addressed yourself to that but for the purpose of the record let me inquire of you about it. This trial was held just a few days before the Christmas holidays along the 22nd or 23rd of December, and after the trial the court inquired of you as counsel for defendant as to whether or not you wished to file a motion for new trial, or wished to have judgment passed on the defendant. You then conferred with the defendant and advised the court you did not care to do so, then I passed sentence and at that time as I recall it it was then suggested that if you wished to file a motion for new trial you might do so, and that it would be taken up in the regular manner on the next day that the court would be in session, and that the next date that the court would be back to rule on the motion would be sometime in January, but that you stated for the defendant you preferred not to wait, but desired to have the sentence and judgment at that time. Is that substantially correct?

"By Mr. Spieser: After conferring with the petitioner I did tell the court we did not wish to file a motion for new trial. Of course, in all fairness he never told me to say we were not going to file a motion for new trial.

"By the Court: But your recollection is you did confer with him?

"By Mr. Spieser: That was the substance of our discussion, in other words I indicated to him in my opinion he had had a fair trial. I don't remember the details but that is the substance of it and it was so decided.

"By the Court: Writ is denied and the prisoner remanded to the custody of the warden."

In these circumstances the appellant was not unfairly deprived of the right to timely file a motion for a new trial (V.A.M.S., Secs. 547.010–547.030; Rule 27.20; State v. Parker, Mo., 310 S.W.2d 923) and thereby properly raise the questions he belatedly

43

seeks to present in this proceeding. 24 C.J.S. Criminal Law § 1693, p. 356. In short, the matters set forth in his motion and brief are not grounds or sound reasons for collateral attack upon the original judgment and sentence, and, a motion to vacate a sentence under Rule 27.26 may not be employed as a substitute for a motion for a new trial nor may it perform the functions of an orderly appeal in the original cause. State v. Hagedorn, Mo., 305 S.W.2d 700. Accordingly the judgment in this proceeding is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.