**STATE of Missouri, Respondent,**

v.

**Charles N. JOHNSTONE, Appellant.**

No. 48705.

Supreme Court of Missouri,

Division No. 2.

Oct. 9, 1961.

Motion to Transfer to Court en Banc Denied Nov. 13, 1961.

Charles N. Johnstone, appellant, pro se.

Thomas F. Eagleton, Atty. Gen., Charles H. Sloan, Special Asst. Atty. Gen., for respondent.

EAGER, Presiding Judge.

This appeal arises in a proceeding to vacate a judgment and sentence under Rule 27.26, V.A.M.R. Following a conviction of robbery with a dangerous and deadly weapon and a finding of two prior felony convictions, defendant was sentenced to life imprisonment in accordance with the verdict of a jury. Upon appeal, that conviction was affirmed. State v. Johnstone, Mo., 335 S.W.2d 199. Certiorari was denied as shown at 364 U.S. 842, 81 S.Ct. 81, 5 L.Ed. 2d 66. The present motion to vacate, filed in the Circuit Court of Jackson County, was denied on January 27, 1961. Defendant's notice of appeal from that ruling was late, and this court issued its special order under Rule 28.07 permitting the filing of another notice.

By an amended information in the original case defendant was charged with robbery, as stated, with a prior felony conviction for first degree robbery in Missouri, and with a prior felony conviction in the United States District Court for the District of Colorado for the interstate transportation of a stolen motor vehicle (Dyer Act), 18 U.S.C.A. §§ 2311–2313; it was also alleged that he served both of such prior sentences and was discharged in each such case. We take judicial notice of the trial proceedings in the principal case, for we have the transcript here and the case was terminated in this court. At the time of defendant's conviction (November 1958) and sentence (December 1958) the applicable Habitual Criminal Statutes were §§ 556.280 and 556.290 RSMo 1949, V.A.M.S., under which a verdict for the maximum term applicable to the "subsequent offense" was mandatory if the jury found defendant guilty of both the subsequent offense and the prior offenses. State v. Stanton, Mo., 68 S.W.2d 811; State v. Johnstone, Mo., 335 S.W.2d 199, supra. The procedure has since been changed, but that is immaterial here. Sections 556.280 and 556.290 RSMo 1959, V.A.M.S.

It will be noted that on defendant's original appeal he attacked the legality and constitutionality of our then existing Habitual Criminal Statutes; these were held valid and constitutional in all respects. Defendant now seeks to pose another attack upon the procedure at his trial, involving again one section of those Habitual Criminal Statutes, Section 556.290 RSMo 1949, V.A.M.S. For convenience we quote the body of that section as follows: "Every person who shall have been convicted in any of the United States, or in any district or territory thereof, or in a foreign country, of an offense which, if committed in this state, would be punishable by the laws of this state by imprisonment in the penitentiary, shall, upon conviction for any subsequent offense, within this state, be subject to the punishment herein prescribed upon subsequent convictions, in the same manner and to the same extent as if such first conviction had taken place in a court in this state."

In defendant's motion he first suggests that the obviously prejudicial effect of our habitual criminal procedure tended to render his trial unfair. With that we have no present concern, for our statutes have repeatedly been held valid and constitutional. State v. Johnstone, Mo., 335 S.W.2d 199, 207; State v. Thompson, Mo., 299 S.W.2d 468, 472. More specifically, he alleges that evidence of (and references to) his prior conviction, service of sentence and discharge for the Dyer Act violation was inadmissible and so prejudicial as to make his trial unfair by depriving him of an "impartial" jury, as guaranteed by Article I, § 18(a) of the Missouri Constitution, V.A. M.S., the Fifth Amendment of the Federal Constitution, and the Due Process clauses of both the Federal and State Constitutions. U.S.Const. Amend. 14; Const. art. 1, § 10. He also asserts that this court has recognized the inherent prejudice resulting from the use of evidence of prior convictions under our statutes. State v. St. Clair, Mo., 261 S.W.2d 75; State v. McWilliams, Mo., 331 S.W.2d 610. Be that as it may, the propriety of such statutes and of the procedure therein provided is a matter of legislative policy and cognizance; it is the duty of the courts to enforce them so long as they remain a part of our law. State v. Johnstone, Mo., 335 S.W.2d 199, 204. Certainly prejudice results when prior convictions are submitted to the jury, but, where the procedure is properly used, that prejudice is no more illegal than the prejudice inherently created by proof of the principal crime. In passing, we note that it has been held that proof of prior convictions under federal law is admissible under our act. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 331 [36]. And see State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327. It is not necessary, generally, that the offense previously committed outside of Missouri be "identical in all its elements with one punishable as a felony in this state."

State v. Young, 345 Mo. 407, 133 S.W.2d 404, 408. In the view we take of this appeal we do not reach the specific question raised concerning the admissibility of the evidence of the Dyer Act conviction. However, this opinion is in no way to be taken as a determination of its inadmissibility.

■ The Trial Court here found and determined, without hearing evidence, that defendant had been tried and convicted before a duly qualified jury, and that he was represented by competent counsel; and that the allegations of defendant's present motion were conclusions and not allegations of any facts which would constitute grounds for relief under Rule 27.26. We have held many times that where no genuine issue of fact is made on such a motion it may be summarily disposed of as a matter of law. State v. McDonald, Mo., 343 S.W.2d 68, 72; State v. Glenn, Mo., 317 S.W.2d 403, certiorari denied 358 U.S. 942, 79 S.Ct. 348, 3 L.Ed. 349; State v. Ninemires, Mo., 306 S.W.2d 527. It has never been the object of this rule, or the purpose and intent of the courts in applying it, to afford to the defendant an opportunity for a second motion for new trial or a second appeal based on alleged trial errors. State v. Smith, Mo., 324 S.W.2d 707, 711; State v. Hagedorn, Mo., 305 S.W.2d 700, 702; State v. Childers, Mo., 328 S.W.2d 43, 45; State v. Hecke, Mo., 328 S.W.2d 41. It is obvious from the very wording of the rule that the defect in the judgment and sentence must be such as to render them subject to *collateral* attack. Generally, the principles applicable are very similar to those governing the granting of the writ of habeas corpus. State v. Thompson, Mo., 324 S.W.2d 133, 135. In Hagedorn, supra [305 S.W.2d 702], it was held that although the attempted admission of improper evidence of a prior conviction might have been a ground of *error* which "could have been considered prejudicial on appeal" (citing State v. St. Clair, Mo., 261 S.W.2d 75, on which defendant relies here), nevertheless a motion under Rule 27.26 could not function as an appeal so as to make such supposed error

available in that proceeding. We have a similar situation here.

When evidence of the prior convictions was offered at defendant's trial his counsel objected on certain stated grounds, but no objection was made to the federal conviction on the ground now suggested; counsel thereafter commented to the jury on the circumstances of that conviction as shown by the record, namely, that it involved an "interstate theft of a car," that defendant had entered a plea of guilty, and that he was then only twenty-nine years old. Neither of the motions for new trial (defendant filed one per se, and his counsel filed another) raised the point now urged, although defendant did advance the contention that the use of the Habitual Criminal Act, generally, imposed double jeopardy and infringed upon his right to a fair trial.

■ The present contention that proof of a Dyer Act conviction was inadmissible under our statute is one raising again a matter of alleged trial error, if indeed that should be held erroneous at all; certainly, it was not and is not such a matter as to render the judgment and sentence void. State v. Hagedorn, Mo., 305 S.W.2d 700. Every trial error conceivably raised was given full and adequate attention on defendant's original appeal. Defendant's claim that this evidence *per se* prejudiced the jury to such an extent as to prevent a fair and impartial trial is no more true than would be a similar claim based on the admission of many other classes of proof known to be prejudicial, or one based upon any action of court or counsel at the trial which tended to create prejudice. We do not presume to review all trial errors in this proceeding, even though prejudicial. In the cited case of State v. St. Clair, Mo., 261 S.W.2d 75, the court merely held *on direct appeal,* that certain improperly established evidence of prior convictions was prejudicial and reversibly erroneous. We do not here approve or disapprove of that holding for it is not necessary; the question there arose in an entirely different

type of proceeding. If there was any error here (and again we expressly disclaim any such determination) it was not such as to deprive defendant of due process, or of equal protection, or of any fundamental right, so as to permit of a collateral attack. See, generally, State v. Smith, Mo., 324 S.W.2d 707, 711; State v. Hecke, Mo., 328 S.W.2d 41, 43; State v. Ninemires, Mo., 306 S.W.2d 527; State v. Childers, Mo., 328 S.W.2d 43, 45; State v. Rutledge, Mo., 317 S.W.2d 365. What has been said concerning the admission of evidence of the Dyer Act conviction applies equally to any references to that conviction in the voir dire.

We find that nothing was done here which deprived the defendant of a fundamental right; and we find affirmatively and to our satisfaction, from the motion, the files, and the records that defendant is entitled to no relief. The judgment is affirmed.

All concur.