STATE of Missouri, Respondent,

v.

Gilbert MALLORY, Appellant.

No. 48817.

Supreme Court of Missouri,

Division No. 2.

Oct. 9, 1961.

No attorney of record for appellant.

Thomas F. Eagleton, Atty. Gen., Richard R. Nacy, Jr., Special Asst. Atty. Gen., for respondent.

EAGER, Presiding Judge.

Defendant was convicted by a jury in June 1959 of second degree burglary and of stealing; since the jury also found that defendant had been convicted of four prior felonies, his punishment was assessed at ten years' confinement for the burglary and five years for the stealing. See § 556.280 RSMo 1949, V.A.M.S. (to which revision all statutory references will be made, unless stated otherwise). Defendant was well represented at his trial by two competent, court-appointed counsel. Upon appeal to this court the judgment and sentence were affirmed. Mo., 336 S.W.2d 383. Certiorari was denied,—364 U.S. 852, 81 S.Ct. 99, 5 L.Ed.2d 75. On January 4, 1961, defendant filed in the trial court, pro se, his Motion to Vacate the Sentence and Judgment. The content of that motion is so strikingly similar to the one shown in State of Missouri v. Johnstone, Mo., 350 S.W.2d 774, decided concurrently herewith, as to make much of what we have said in that opinion applicable here.

The trial court held a hearing on March 13, 1961, and had defendant brought from his confinement to the court for that purpose; it again appointed counsel to represent him at the hearing. Defendant offered no evidence, but the matter was argued and the proceedings were transcribed. The motion was denied and the

court filed its memorandum opinion, which we shall refer to later. This appeal followed, prosecuted as a poor person by order of the trial court.

■ In this case, as in Johnstone, supra, defendant asserts that the jury was rendered prejudiced and partial by the proof of his prior convictions; that an "impartial" jury is a requirement of due process. He also emphasizes the "repeated mention and stress" laid upon such prior convictions as particularly prejudicial in view of the fact that the evidence against him was largely circumstantial. He asserts, as did Johnstone, that the "submission in evidence" of a Dyer Act, 18 U.S.C.A. §§ 2311–2313, conviction was improper and inadmissible under our § 556.290, in that such an offense is not one "which would be punishable by the laws of this state * * *." He cites, as did Johnstone, State v. St. Clair, Mo., 261 S.W.2d 75, and State v. McWilliams, Mo., 331 S.W.2d 610. His allegations are largely conclusions. Where no genuine issue of fact is made on such a motion it may be summarily disposed of. State v. McDonald, Mo., 343 S.W.2d 68, 72; State v. Glenn, Mo., 317 S.W.2d 403, certiorari denied 358 U.S. 942, 79 S.Ct. 348, 3 L.Ed. 349; State v. Ninemires, Mo., 306 S.W.2d 527. The trial court here gave defendant the benefit of any and all doubt in holding a hearing.

In the original case defendant was charged by amended information with burglary and stealing, and with four prior convictions in Missouri, namely, second degree forgery, burglary, larceny, and escape from jail; his service of sentence and discharge in each such case was alleged. He was also charged in that information with a prior federal conviction for the interstate transportation of a stolen motor vehicle (Dyer Act), the service of a sentence therefor and a discharge therefrom. At the time of defendant's trial in June 1959, our present habitual criminal statute, § 556.280, RSMo 1959, V.A.M.S., had not yet become effective, and the jury necessarily imposed the maximum punishment applicable to the subsequent offenses when it found defendant guilty of those offenses and of prior felonies. State v. Stanton, Mo., 68 S.W.2d 811; State v. Johnstone, Mo., 335 S.W.2d 199.

Our habitual criminal statutes, as they existed at the time of defendant's conviction in June 1959, have been held valid and constitutional. State v. Johnstone, supra; State v. Thompson, Mo., 299 S.W.2d 468, 472. Defendant suggests that our courts have admitted that the use of this procedure creates prejudice; of course it does, but the propriety of that procedure, when properly applied, is strictly a matter of legislative policy and cognizance. State v. Johnstone, Mo., 335 S.W.2d 199, 204. And many other phases of our criminal procedure create prejudice, but legally so, such as the proof of the crime for which a defendant is tried.

■■ We have examined the record of defendant's trial with particular reference to the evidence of prior convictions and all references to them. Generally, of course, such contentions as we have here constitute matters of trial error, if indeed any error at all may be established; in proceedings under Rule 27.26, V.A.M.R., the defect in the judgment and sentence must be such as to render them subject to *collateral* attack. State v. Thompson, Mo., 324 S.W.2d 133. It has never been the purpose of the rule, or the intent of the courts in applying it, to permit to a defendant a second appeal based upon supposed trial errors. State v. Smith, Mo., 324 S.W.2d 707, 711; State v. Hagedorn, Mo., 305 S.W.2d 700, 702; State v. Childers, Mo., 328 S.W.2d 43, 45; State v. Hecke, Mo., 328 S.W.2d 41. It seems to be defendant's idea here that the use and the manner of use of his prior convictions was such as to deprive him of due process. It takes more than the mere loose use of that term to establish the deprivation of that right, and there is no charm in the mere conclusory allegation.

The trial court noted in its memorandum opinion, among other things, the following:

that there was no undue or repeated mention or stress of prior convictions; that the State did not offer a Dyer Act conviction as a part of its case, and no reference was made in the instructions to any such conviction; that the jury was given a cautionary instruction to the effect that prior convictions should not be considered as evidence of defendant's guilt; that defendant, on the stand, was properly asked about a Dyer Act conviction, among others, as affecting his credibility. The court concluded that the evidence of defendant's prior convictions was properly submitted to the jury, and that there was no showing that the judgment and sentence were unconstitutional or subject to collateral attack.

The trial transcript discloses the following: the State offered in evidence records of defendant's prior convictions of forgery, burglary and larceny, and escape from jail; it also offered evidence of the service of sentences for those offenses and the respective discharges. It did not offer any evidence of the Dyer Act conviction. However, defendant elected to testify, and on cross-examination counsel for the State asked him concerning seven prior convictions, including the Dyer Act conviction, a larceny conviction in Kansas, and an additional larceny conviction in Missouri, none of which latter three had been proved in the State's case. No objection was made to any of these questions and defendant freely admitted all of those convictions, the confinements and the discharges. Defendant's nephew, who had been brought from the Algoa Reformatory to testify for him, was asked, without objection, if he knew that his uncle "had been in the penitentiary before," to which he answered "No, sir." The nephew had entered a plea of guilty to a charge involving the same burglary and had started to serve his sentence. The question to the nephew came after much testimony implicating both, at least circumstantially, in the burglary. When the Sheriff of Lafayette County was on the stand he was asked, again without objection, what defendant had stated to him about prior

felony convictions and he replied that defendant said he had been convicted five or six times, naming some of them. The only objection made to the documentary proof of four prior convictions was that certain parts constituted hearsay and this objection was sustained; the excluded parts were notations of former imprisonments.

■ The cross-examination of defendant himself concerning any and all felony convictions was permissible as going to his credibility. Section 546.260; State v. Wolfe, Mo., 343 S.W.2d 10, 14; State v. Green, Mo., 236 S.W.2d 298. We know of no reason why a Dyer Act conviction should not be used for that purpose. Defendant here had testified affirmatively to supposed facts and circumstances tending to disassociate him from the burglary; the State had the right to impeach him in any appropriate manner. It has been held that where proof of prior convictions is proper, the State may make reference thereto in "the examination of the jurors * * * and in the opening statement and the closing argument." State v. Murphy, 345 Mo. 358, 133 S.W.2d 398, 400. The court here gave seven instructions at the request of the defendant; one of these, D-7, instructed the jury that evidence of prior convictions was not to be considered as evidence of defendant's guilt, but only as going to his credibility and the amount of punishment. No assignment was made in the motion for new trial based upon any phase of the habitual criminal procedure.

■ If defendant had any complaint of the use, or manner of use, of his prior convictions, such question should have been raised as a trial error and prosecuted as such upon his original appeal. See State v. Hagedorn, Mo., 305 S.W.2d 700. The present proceeding cannot serve the purpose of a second appeal. None of the matters now raised are such as to render the judgment and sentence void, as having deprived defendant of any fundamental right, based on due process or otherwise. See, generally, State v. Smith, Mo., 324 S.W.2d

707, 711; State v. Hecke, Mo., 328 S.W.2d 41, 43; State v. Ninemires, Mo., 306 S.W.2d 527; State v. Childers, Mo., 328 S.W.2d 43, 45; State v. Rutledge, Mo., 317 S.W.2d 365. What we have said concurrently in State v. Johnstone, supra, concerning the opinion in State v. St. Clair, Mo., 261 S.W.2d 75, is equally applicable here. We do not now infer that any of the procedure at the trial, as discussed herein, was erroneous, or that affirmative proof of the Dyer Act conviction would have been improper. We simply rule that nothing was done which affords defendant a remedy in this proceeding, or which renders the judgment subject to collateral attack.

We find that defendant was not deprived of any fundamental right and that he is entitled to no relief. The judgment of the trial court is affirmed.

All concur.