STATE of Missouri, Respondent,

v.

Walter KING, Appellant.

No. 50142.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

Walter King, appellant, pro se.

DALTON, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis overruling appellant's motion under Supreme Court Rule 27.26, V.A.M.R. to set aside a prior conviction of appellant under the Habitual Criminal Act for the offense of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon. The conviction in question and the sentence of life imprisonment were entered on May 13, 1959. Without a hearing of evidence on the motion the trial court, on April 16, 1963, summarily overruled appellant's motion to vacate and set aside the prior conviction. Defendant filed a notice of appeal and was permitted to appeal as a poor person and a free transcript has been provided, but defendant's motion to assign counsel for the purposes of this appeal was denied.

Supreme Court Rule 27.26, in part, provides that: "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, * * * *or is otherwise subject to collateral attack,* may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. *Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief,* the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Italics ours.)

A motion filed under this rule to vacate a judgment of conviction is not a step in a criminal proceeding against the defendant, but is, like habeas corpus, a

means of testing the validity of his detention after conviction. Under this proceeding a collateral inquiry may be made as to the validity of the judgment under which defendant is held. The proceeding is governed by Court rules applicable to civil proceedings. State v. Warren, Mo. Sup., 344 S.W.2d 88, 90 [2]; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135; State v. Johnstone, Mo.Sup., 350 S.W.2d 774, 777 [3–6], certiorari denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280. If the motion presents no material issues of fact, or if the issues presented may be determined by the record and files in the original case, the Court may summarily rule the motion, since the Court may take judicial notice of its own records and the prior proceedings in the case. Also, if only issues of law are presented the Court may summarily rule the motion. If material issues of fact not previously ruled are presented, a hearing must be had and the Court must "make findings of fact and conclusions of law with respect thereto." State v. Pickle and Proffit, Mo.Sup., 376 S.W.2d 181 and State v. Herron, Mo.Sup., 376 S.W.2d 192. As stated, the circuit court summarily overruled defendant's motion and defendant appealed.

The records show that the original case was instituted in the Circuit Court of the City of St. Louis by the filing of an indictment returned by a grand jury on February 12, 1959. The indictment charged defendant with the offense of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon. The charge was under the Habitual Criminal Act and four prior felony convictions were alleged. However, the cause was tried on a substitute information in lieu of the indictment. One of the four prior felony convictions alleged was for the offense of "Armed Robbery" in the State of Michigan. While the indictment alleged that defendant was convicted of the said offense and was sentenced to imprisonment in the State Prison of Southern Michigan for a term of seven years and six months to fifteen years,

and that he was discharged on July 7, 1952, after and upon lawful compliance with said sentence, there was no allegation in the indictment to the effect that the offense of "Armed Robbery" in the State of Michigan was an offense which, if committed in the State of Missouri, would have been punishable under the laws of this State by imprisonment in the penitentiary. See Sec. 556.290 RSMo 1959. The substituted information remedied this defect.

The records further show that the original cause was tried, beginning on May 11, 1959, which date was prior to the effective date of the amendment of the Habitual Criminal Act by Laws of Missouri, 1959, Senate Bill No. 117, approved June 15, 1959. The issue as to whether the defendant had been previously convicted of a prior felony was therefore submitted to the jury and the jury by its verdict found defendant guilty of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, as charged, and further found that defendant had been previously convicted of a felony and the jury assessed the defendant's punishment at imprisonment in the state penitentiary for the remainder of his natural life.

Defendant was represented during the trial by court-appointed counsel and, after verdict, a motion for a new trial was duly filed and by the Court was considered and overruled. Notice of appeal was filed and a free transcript was provided.

On appeal to this Court all matters properly raised in the motion for a new trial were duly considered, as well as that part of the record which the Court considers independently of the motion for a new trial. The judgment of the trial court was affirmed in an opinion filed. See State v. King, Mo.Sup., 334 S.W.2d 34. A motion for rehearing was subsequently filed and denied by the Court on April 11, 1960.

Appellant's first point on the present appeal is that "the trial court was without authority or jurisdiction to proceed to a judgment of conviction and sentence, for

the reason that said court proceeded upon a Prosecuting Attorney's information which was substituted for an indictment after the jury had been sworn." Appellant states that such substitution was made without leave of the Court; that the indictment had not been held insufficient or defective in any particular whatever; and that substitution was not authorized under Sec. 545.300 RSMo 1949. Appellant further states that the indictment was void ab initio, but he states no facts to support that conclusion. In a subdivision under appellant's first point he further states that Supreme Court Rule 24.02, which purports to give the State authority to substitute an information for an indictment without the indictment being shown to be insufficient, allows the State to evade the provisions of Sec. 545.300, supra, and the rule is, therefore, unconstitutional and void in that it violates Art. V, Sec. 5 of the Constitution of Missouri 1945, V.A.M.S. by depriving defendant of his substantive right to prevent such a substitution after the jury was sworn. He further insists that Supreme Court Rule 24.02 nullifies prior Supreme Court decisions cited in his brief and that Art. V, Sec. 5, under which Rule 24.02 was adopted, denies due process and equal protection of the law guaranteed to defendant by other sections of the State Constitution and the Fourteenth Amendment to the Constitution of the United States. He also insists that Art. V, Sec. 5 is an unlawful delegation of the Legislative power to the Supreme Court of Missouri and it is, therefore, an invasion upon the Legislative branch of the government in violation of Art. II, Sec. 1 of the Constitution of Missouri 1945. We are of the opinion that these several assignments present only issues of law and factual matters which are easily determinable upon a review of the files and records of the Court in the original case. Issues of law and matters which may be disposed of from a review of the files and records of the court in the original case may be summarily disposed of without a hearing. See *State v. Jarrett*, Mo.Sup., 317 S.W.2d 368, 369 [2]. And see cases

decided under Title 28 U.S.C.A. § 2255, a Federal Rule similar to the substance of Rule 27.26, such as *Keto v. United States*, 8th Circuit, 189 F.2d 247, 251 [4] and *O'Malley v. United States*, 6th Circuit, 285 F.2d 733, 735.

■ The substituted information appears from the transcript in the original case and the charge made against defendant is the same as in the mentioned indictment, except that in the information the allegations with reference to the Michigan offense were modified as heretofore stated. The transcript on this appeal further shows that a Court record was made of the substitution of the information for the indictment and the transcript in the original case shows that the change was made by request of the State and with the consent of the Court. The amendment could not have been prejudicial to the defendant since the State was only required to prove one of the several prior felony convictions to bring the case within the Habitual Criminal Act. Three other prior felony convictions were properly alleged, but the Michigan conviction was insufficient in the respects stated. No prejudice appears to the defendant by reason of the substitution of the information for the indictment, because "the Michigan conviction was never referred to in the evidence or in the instructions" (*State v. King, supra*, 334 S.W.2d 34, 37), since the trial court outside the hearing of the jury sustained defendant's objections to the admission of the documents by which the State sought to prove the Michigan conviction. Further, the allegation and proof of prior convictions would only affect the extent of punishment in the event of conviction.

■ As to the validity of Supreme Court Rule 24.02, the Constitution of Missouri 1945, Sec. 5, Art. V, expressly provides that the Supreme Court may establish rules of practice and procedure for all Courts, but that said "rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses,

juries, the right of trial by jury or the right of appeal. * * * Any rule may be annulled or amended by a law limited to the purpose." The rule in question, therefore, when adopted by this Court under the express authority of the Constitution, modified the statute upon which appellant relies, and the Legislature has taken no action to amend or annul the particular rule. And see Supreme Court Rules 41.04 and 36.01. The defendant, of course, had acquired no vested constitutional right by reason of the statute or any prior existing rule of practice and procedure. Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43; City of Kirkwood v. Allen, No. 49,920, handed down June 8, 1964. Rule 24.02, having been adopted under Constitutional authority, superseded the statute. We find no merit in any of the mentioned contentions, supra. No hearing of evidence was required as to any of them.

■ Appellant next contends that the verdict of the jury "was too vague and indefinite to constitute a finding prior [sic] of a prior felony conviction, sentence, imprisonment, and discharge" for the reason that the jury failed "to specifically state which of the several prior felonies alleged, the jury found he had been convicted of * * *."

Excluding the Michigan conviction, each of the three specific prior felony convictions alleged in the information and supported by evidence and undisputed at the trial were submitted to the jury in a conjunctive submission. These convictions were for offenses committed in the City of St. Louis. The instruction further submitted a finding on each of the matters mentioned in the statute, Sec. 556.280 RSMo 1949, to wit: conviction, sentence, imprisonment and discharged upon lawful compliance with said sentence. The instruction further submitted findings as to the date of each of the three prior convictions and the offenses of Burglary in the Second Degree and a conviction of Grand Larceny; that the sentences imposed for the three

convictions ran concurrently; and that the said defendant had been duly discharged from the penitentiary after and upon full compliance with said sentences. Subject to said finding, the jury was then advised that, if defendant was found guilty of Robbery in the First Degree, as charged in the information, and as submitted in a prior instruction, and if it was further found beyond a reasonable doubt that the defendant had formerly been convicted of a felony or felonies that, "then you will assess the punishment of the defendant at imprisonment in the State Penitentiary for the remainder of his natural life." The verdict of the jury was as follows:

"We the Jury in the above entitled cause, find the defendant *guilty of Robbery in the first degree by* means of a dangerous and deadly weapon, as charged. *We further find the defendant has been formerly convicted of a felony and assess his punishment at imprisonment in the State Penitentiary for the remainder of his natural life.*

/Signed/ William A. Bellrose, Foreman."

When the cause reached this Court on appeal the verdict was examined as required by Supreme Court Rules 28.02 and 28.08 and the conclusion was reached, as stated, in the opinion: "We find no error in those parts of the record which we consider independently of the motion for a new trial." State v. King, supra, 334 S.W. 2d 34, 41.

The State insists that to review the sufficiency of the verdict at this time would be tantamount to permitting appellant a second appeal based on alleged trial errors which have previously been reviewed by this Court; and that this is not permissible under Supreme Court Rule 27.26, citing State v. Johnstone, supra, 350 S.W. 2d 774, 777 [6], certiorari denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280; and State v. Mallory, Mo.Sup., 349 S.W.2d 916, 917 [2, 3]. The prior opinion in this case does not indicate that the insufficiency

of the verdict in the respects mentioned was in question, hence we shall rule the issue presented.

On this record, this assignment presents no issue of fact, but only an issue of law, and from the files and records in this case we must and do find that the verdict was sufficient in form and substance to support the judgment entered in the case. See State v. Charles, Mo.Sup., 268 S.W.2d 830, 832 [1]; State v. Jonas, Mo.Sup., 260 S.W.2d 3, 6 [6–7]; State v. Hite, Mo.Sup., 298 S.W.2d 411, 413 [6–7]. The assignment is overruled.

Appellant further contends that "he was prejudiced by the prosecuting attorney's statements to the jury on voir dire and in the State's opening statement concerning an alleged conviction for Armed Robbery in the State of Michigan [which] influenced the Jury's judgment and verdict of guilty upon the principal issue of Robbery by Means of a Dangerous and Deadly Weapon."

■■ We may not consider this assignment since it seeks to present a trial error, a part of which was considered and ruled when the case was previously here on appeal. State v. King, supra, 334 S.W.2d 34, 37 [1]. Further, it is now well settled that a motion under Supreme Court Rule 27.26 may not be used as a substitute for a motion for a new trial, nor function as an appeal, nor be used to permit a defendant to have a second appeal based upon alleged trial errors. State v. Mallory, supra, 349 S. W.2d 916, 917 [2, 3]; State v. Morton, Mo. Sup., 349 S.W.2d 914, 915 [2]; State v. Wiggins, Mo.Sup., 360 S.W.2d 716, 718 [1, 2]; State v. Turner, Mo.Sup., 353 S.W.2d 602, 603 [1]; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135, et seq.

■ Appellant further contends "that his court appointed counsel so mishandled the case that his errors arose to a denial of Due Process of Law in violation of the Fourteenth Amendment to the Constitution of the United States. And that court appointed counsel's errors amounted to ineffective and inefficient assistance of counsel by reason of his non-action" in certain respects thereinafter set out. Some of the matters of which appellant complains are referred to in his motion for a new trial in the principal case and were ruled against him on the prior appeal to this Court. Concerning the other matters referred to, it is clear that appellant was quite as familiar with these complaints against his counsel at and before the filing of his motion for a new trial in the prior case as he was at the time of filing his present motion under Supreme Court Rule 27.26. If appellant desired to raise any of these issues he should have noted them in his motion for a new trial in that case, since in this proceeding we are not concerned with trial errors. See authorities cited, supra. In any event, the original charge against the appellant was tried before a highly competent circuit judge and the appellant was represented in the trial by a highly competent member of the Bar, who had been appointed to represent appellant.

The files and records in the prior case fully justify the statement in the opinion on the prior appeal, as follows: "After the trial defendant expressed a desire for the appointment of other counsel. His original counsel, appointed by the court prior to trial, had performed a highly efficient and commendable job in representing defendant. This case, and others afford a noteworthy commentary upon the total lack of appreciation which we so often see in such cases. Be that as it may, the court then appointed a member of the Public Defender's Staff to interview the defendant and 'prepare affidavit for defendant, if so requested.' Defendant's original counsel had prepared a draft of the motion for new trial, furnished it to defendant, suggested that if other grounds were desired they might be added, and that he would be glad to cooperate." State v. King, supra, 334 S.W.2d 34, 40 [11].

It is clear from the allegations of appellant in his motion under Rule 27.26 against

his court appointed counsel that these allegations are wholly insufficient to support a finding that the judgment and conviction was void, or that the facts stated constituted more than a collateral attack upon a valid judgment. The assignment is overruled.

■ Appellant further contends "that he was deprived of his right to a full and adequate appellate review on appeal from the final judgment of the trial court for the reason that he was not furnished a copy of the final trial transcript with which to perfect his appeal, in accordance with Sec. 485.100 RSMo 1949 and the order of the trial court made pursuant to said statute directing the court reporter to furnish such a copy to defendant." However, there is no contention that a copy of a complete transcript on appeal was not furnished to and approved by his court appointed counsel. Nor is there any contention that any assignment of error in his motion for a new trial was not fully considered by this Court on appeal, or that any assignment of error in said motion was erroneously ruled by this Court. Every assignment in appellant's motion for a new trial in the original cause was fully considered and determined by this Court on said prior appeal and Supreme Court Rule 27.26 may not be used to obtain a second appeal based on alleged trial errors.

It further appears from the record in the original case that, after the verdict of guilty was returned in that case, the defendant became dissatisfied with counsel that the Court had appointed to represent him and he requested the Court to appoint another attorney to defend him. In his letter to the trial judge, he made no specific complaints in writing against the attorney appointed to represent him, but, being dissatisfied with the outcome of the trial, he wanted another attorney and the Court, as stated, appointed Joseph Noskay, Assistant Director of the Public Defenders Bureau, to interview defendant and assist him. Thereafter, the detailed motion for a new trial was prepared and filed by the joint efforts of both attorneys and the motion was accompanied by affidavits as to newly discovered evidence which was the only basis for a new trial that was stated in appellant's letter to the trial judge. The record clearly shows that appellant was furnished a free transcript on appeal and all of the procedural safeguards were provided and appellant obtained a full review on appeal of all of the assignments of error in his motion for a new trial. Since it appears that appellant was furnished a full transcript on appeal, which was filed on his behalf and the appeal duly taken, he may not now contend to the contrary in his motion to vacate the judgment under Rule 27.26. The above assignment in his present motion to vacate the judgment under Rule 27.26 is overruled.

■ As a further ground for vacating the judgment of conviction, appellant claims that he was denied due process and equal protection of the law in that he was arrested at his home without a warrant; that he was taken to the Ninth Street Police Station and booked on suspicion of robbery; and that he was, thereafter, detained at said police station in excess of 20 hours before being taken before a magistrate, contrary to Sec. 544.170 RSMo 1949 and Missouri Supreme Court Rule 21.14.

No such issue of alleged illegal arrest or illegal detention was raised by appellant prior to the trial of the cause, nor is any such matter mentioned in the motion for a new trial. At no time was it presented to or considered by the trial court. Further, no such fact appears from the transcript on the original appeal of this cause on its merits. If such fact existed it is not now the basis for a collateral attack upon the judgment and conviction entered against him. State v. Bryant, Mo.Sup., 375 S.W.2d 122, 125 [6]; State v. Turner, Mo.Sup., 353 S.W.2d 602, 604 [5]. And see United States v. Shields, 6 Cir., 291 F.2d 798, 799 [2–3].

Appellant's motion to vacate further alleges that he was denied due process of

law in that he was allowed to enter a plea of not guilty prior to the appointment of counsel to represent him, contrary to Supreme Court Rule 25.03 and Sec. 545.810 RSMo 1959. There is no merit in this contention since the transcript of the record filed in this Court on the appeal of the cause on its merits expressly shows that counsel for defendant was appointed by the trial court prior to his arraignment and the entrance of a plea of not guilty.

Further, it is clear from the cases cited by appellant that he is not familiar with criminal procedure in this State since he, for the most part, relies on cases and decisions not applicable under the criminal practice and procedure in this State.

After the filing of his motion under Rule 27.26 to vacate and set aside the mentioned judgment and sentence, the defendant filed a motion for change of Judge on the ground that the original trial judge, who had previously appointed two well-qualified attorneys to represent him, was prejudiced against him. The motion for change of Judge was duly sustained and the cause was transferred to another division of the circuit court, where the Judge of that division entered the following order in disposing of appellant's motion:

"The Court doth find that defendant is a poor and indigent person within the meaning of the applicable law pertaining thereto; wherefore, the Court doth order and adjudge that the defendant be and is hereby permitted and allowed to prosecute his motion to vacate as a poor person. The Court has diligently read, examined and considered the motion filed herein, along with the alleged authorities therefor, the entire minutes of the proceedings, and the opinion filed by the Supreme Court of Missouri, and the Court now being sufficiently advised doth find that the motion, the files and all the records of the case show conclusively that the defendant is entitled to no relief; therefore, it is the order and judgment of this Court that defendant's motion to vacate filed herein pursuant to Supreme Court Rule 27.26, be and the same is hereby denied and dismissed.

Filed April 16, 1963.

> /s/ Theodore McMillian
> Presiding Judge, Division No. 1"

Thereafter, defendant filed notice of appeal and a free transcript was again provided and filed. This Court, having fully considered each and all of the above-mentioned assignments on this appeal, finds that no issue of fact is presented and that all issues may be disposed of as a matter of law upon the records and files in this case and, this having done and no error appearing, the judgment entered is affirmed.

All concur.