Thomas E. ELBERT, Appellant,

v.

STATE of Missouri, Respondent.

No. 55807.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

R. B. Miller, Jr., Platte City, for appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Thomas E. Elbert, charged with robbery in the first degree, was found guilty by a jury, which assessed his punishment at 17 years' imprisonment. On direct appeal this Court affirmed the judgment and sentence. State v. Elbert, Mo.Sup., 438 S.W.2d 164. Elbert then filed a motion under Criminal Rule 27.26, V.A.M.R. to vacate the sentence and judgment. Counsel was appointed for him; an evidentiary hearing was held, at which Elbert testified; the court denied his motion and he appealed to this court, represented by the same court-ap-

pointed counsel who represented him at the hearing.

The information on which Elbert was tried was filed under the Second Offender Act. At the trial the State was not prepared to make proof of the prior conviction alleged in the information. The trial proceeded as if the information had charged only the offense of robbery in the first degree. The jury decided not only the question of guilt or innocence, but also fixed the punishment. The motion for new trial filed in the original case contained no assignment of error based upon the procedure in connection with the Second Offender Act. Elbert testified in the case now here for review that before he went to trial Elbert was advised that he was not being tried under the Second Offender Act because the certification of the previous conviction had not been received from New Mexico and that if he were found guilty the jury, and not the judge, would fix his punishment. Elbert further testified that no mention of former convictions was made in the presence of the jury.

The sole point appellant makes is that the trial court erred in not conducting a formal hearing to determine whether Elbert should be tried under the Second Offender Act, in which case (i.e. if he had a prior conviction) his punishment should have been assessed by the Court and not by the jury. In support of his thesis Elbert argues that "No one knows for sure whether or not the jury or one or more of the jurors might have read the Information" (which alleged a prior conviction); that "the question of prior convictions should be a matter of procedure, should not be alleged in the Information, and should be determined during trial or prior thereto by formal hearing before the Court, and that there should be nothing in the files or of record which might be available to the public or the jury as to whether or not the defendant has a prior conviction or convictions."

Appellant's contention charges an error occurring at the trial. The defect counted upon is not such a defect in the judgment and sentence as to render them subject to collateral attack. "It has never been the purpose of the rule [Criminal Rule 27.26], or the intent of the courts in applying it, to permit to a defendant a second appeal based upon supposed trial errors. * * * If defendant had any complaint of the use, or manner of use, of his prior convictions, such question should have been raised as a trial error and prosecuted as such upon his original appeal. See State v. Hagedorn, Mo., 305 S.W.2d 700. The present proceeding cannot serve the purpose of a second appeal. * * *" State v. Mallory, Mo.Sup., 349 S.W.2d 916, 917, 918. And see State v. Johnstone, Mo.Sup., 350 S.W.2d 774[7]. (Both cases are appeals in proceedings in which errors with respect to the Habitual Criminal Statutes were urged in 27.26 proceedings.) In another 27.26 appeal where the sufficiency of the evidence to support a submission under the Habitual Criminal Act was challenged, this Court held that Criminal Rule 27.26 "does not afford a basis for the review of trial errors such as the one of which defendant now complains. * * * If defendant desired a review of the sufficiency of the evidence in the respect heretofore noted he should have assigned the alleged insufficiency thereof as a ground in his motion for new trial, and, in the event of an adverse ruling he could have appealed to this court." State v. Wiggins, Mo.Sup., 360 S.W.2d 716, 718. On the basis of the prior rulings on this question we decline to review the point raised by Elbert on this appeal.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.