STATE of Missouri, Respondent,

v.

James WIGGINS, Appellant.

No. 49220.

Supreme Court of Missouri,

Division No. 1.

Oct. 8, 1962.

James Wiggins, pro se.

Thomas F. Eagleton, Atty. Gen., Edward A. Glenn, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Commissioner.

Defendant has appealed from the order and judgment of the Circuit Court of Jackson County overruling his motion to set aside and vacate a prior judgment of that court wherein he was, on October 1, 1942, adjudged guilty of the crime of rape and sentenced to be imprisoned in the penitentiary for and during his lifetime. In that proceeding defendant had been charged with a prior felony conviction under the provisions of the Habitual Criminal Act as it then existed. See § 4854, RSMo 1939. In that respect the indictment therein charged that defendant, "on the 7th day of December 1938, at the County of Jackson and State of Missouri, was then and there convicted of a felony to-wit: Rape and sentenced to a term of five years in the Missouri State Penitentiary therefor, and that thereafter on the 27th day of September 1940, upon completion of said sentence he was duly discharged from said penitentiary * * *." The jury found the prior conviction as charged.

While the pro se motion to vacate does not specifically refer to S.Ct. Rule 27.26, V.A.M.R., it is obvious that it was filed pursuant to that rule. The sole ground upon which the motion sought relief was the insufficiency of the evidence to support a submission under the Habitual Criminal Act. Section 4854, supra, contained the requirement, in regard to the prior conviction, that the defendant "shall be discharged, either upon pardon or upon compliance with the sentence * * *." An exhibit attached to the motion disclosed that the defendant was imprisoned in compliance with the sentence imposed on December 7, 1938, and that on September 27, 1940, the Governor granted a "conditional commutation of sentence for purpose of parole" under which defendant had been discharged. Specifically, defendant in his motion contends that at the time of the trial of the second case in 1942 he had not been discharged from the first sentence, either upon pardon or compliance with his sentence, because he had been paroled by the Governor. Defendant alleged, therefore, that he was not legally subject to the Habitual Criminal Act.

The trial court overruled defendant's motion without granting a hearing thereon, thus indicating its view that the motion disclosed on its face that no claim for relief was stated therein. For the reasons here-

# 718

inafter stated, we are in accord with the action taken by the trial court in overruling said motion.

 Under the provisions of our present Habitual Criminal Act the trial judge hears the evidence concerning the prior conviction out of the hearing of the jury and the court enters its findings thereon. Section 556.280(2), P.P.Vol. 40 V.A.M.S. However, under the statute in effect at the time of defendant's trial (§ 4854, supra), the State was required to present to the jury the evidence concerning defendant's prior conviction, imprisonment and discharge, and the jury, under appropriate instructions, made its findings in regard thereto in the same manner as it determined other issues in the case. It is therefore apparent, as heretofore stated, that defendant's motion seeks to set aside the judgment of conviction because of the insufficiency of the evidence to support the submission under the provisions of the Habitual Criminal Act. It is well settled that S.Ct. Rule 27.26, V.A.M.R., does not afford a basis for the review of trial errors such as the one of which defendant now complains. This court has stated that the "statutory motion to vacate and set aside a judgment and sentence may not be used in lieu of an appeal to review errors committed in the course of the trial, even though such errors relate to constitutional rights, or to question the sufficiency of the evidence to support the conviction." State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135–136. If defendant desired a review of the sufficiency of the evidence in the respect heretofore noted he should have assigned the alleged insufficiency thereof as a ground in his motion for new trial, and, in the event of an adverse ruling he could have appealed to this court.

Although the matter complained of is not before us for review we state, ex gratia, that there is no merit in defendant's contention. It has long been settled by this court that a discharge under "conditional commutation of sentence" is a "pardon" or

"compliance with the sentence" within the meaning of § 4854, supra. State v. Peterson, Mo.Sup., 305 S.W.2d 695; State v. Pitts, Mo.Sup., 282 S.W.2d 561.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.