**STATE of Missouri, Respondent,**

v.

**Alfred PHASON, Appellant.**

**No. 52042.**

Supreme Court of Missouri, Division No. 1.

Oct. 10, 1966.

David R. Spitznagel, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

1. References to statutes are to RSMo 1959 and V.A.M.S.

**HENLEY, Judge.**

Defendant was charged by indictment with rape of a female child under the age of sixteen years (Section 559.260) [1] and with ten prior felony convictions. Section 556.-280. A jury found him guilty, the trial judge determined that he had been convicted of prior felonies as charged, and he was sentenced by the court to imprisonment in the custody of the Department of Corrections for a term of twenty-five years.

Immediately after the jury returned its verdict and was discharged, the court assessed defendant's punishment at imprisonment for fifty years. Thereafter, defendant timely filed his motion for new trial alleging, in substance, that the court erred: (1) In overruling his motion for judgment of acquittal at the close of the state's opening statement; (2) In overruling defendant's objections to leading questions propounded by state's counsel to the prosecutrix; and, (3) In overruling his motions for judgment of acquittal at the close of the state's case and at the close of the whole case. Less than a week later defendant withdrew his motion for new trial, waived his right to appeal, and was sentenced, as stated, to imprisonment for twenty-five years. He was represented throughout the trial, from arraignment through these post-trial proceedings, by counsel appointed by the court.

Some nine months later, on March 14, 1966, he secured a special order from this court permitting him to file his notice of appeal out of time without payment of the docket fee, and he thereafter filed his notice of appeal in the trial court. Rule 28.07.[2] Counsel appointed by the trial court pursuant to Rule 29.01(a) has briefed the case and presented oral argument to this court in defendant's behalf, and subsequent to oral argument has, with leave, filed a reply brief. We quote the five points relied on in his briefs: "1. Appellant was deprived effective assistance of counsel for

2. References to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.

his defense and the compulsory process of obtaining witnesses in his own behalf. 2. The Trial Court erred in refusing the motion for acquittal at the close of the State's case, and again at the close of all evidence. Said evidence in light of the admitted facts in the record was insufficient to establish a prima facie case of statutory rape. 3. The Trial Court erred in granting allocution at the close of the trial, thereby denying defendant his right to file a motion for a new trial. 4. The Trial Court erred and abused its discretion in accepting the plea of guilty after conviction and sentencing, without allocution, in that it was not freely and voluntarily made. 5. The Trial Court erred in coercing the withdrawal of defendant's Motion for a New Trial and the waiver of the Right of Appeal."

We quote from the transcript the proceedings had on June 23, 1965, the day defendant filed a memorandum by which he withdrew his motion for new trial and waived right of appeal:

" 'Motion for new trial heretofore filed withdrawn and right to appeal waived.

> /s/ F. G. Armstrong
> Attorney for Defendant.

/s/ Alfred Phason.'

FILED: June 23, 1965.
    *    *    *    *    *    *

## APPEARANCES:

Michael M. Flavin, Assistant Circuit Attorney, for plaintiff;

Fred G. Armstrong, Esq., for defendant; Defendant appeared in person.

THE COURT: You are Alfred Phason? A. Yes, sir.

THE COURT: All right, sir. Are you going to withdraw his former plea of not guilty and enter a plea of guilty, is that correct?

MR. ARMSTRONG: Yes, for the record, at this time, and in accordance with our conference in the chambers, the defendant withdraws his motion for a new trial and asks for sentencing at this time.

THE COURT: You waive the right to appeal?

MR. ARMSTRONG: Yes, and does waive his right to appeal.

THE COURT: Is there anything the defendant wants to say before sentence is imposed or any legal reason why sentence should not be pronounced, Mr. Phason?

THE DEFENDANT: No.

THE COURT: In Cause number 942-N, at the direction of the jury, and with your prior convictions, the Court hereby finds you guilty. In accordance with the verdict of the finding of the jury, finding you guilty as charged, the Court hereby having found you had prior convictions of felonies, the Court commits you to the Department of Corrections for a period of twenty-five (25) years. I will allow him whatever jail time he has. Take charge of the prisoner."

In this case we are faced with somewhat the same situation the court was faced with in State v. Johnson, Mo., 408 S.W.2d 24, also handed down this day, except that here a motion for new trial was filed and there is a contention in point five of defendant's brief that withdrawal of his motion for new trial and waiver of his right to appeal was the result of coercion. Also, we consider his point four to be a contention that this withdrawal and waiver was not freely and voluntarily made.

■■ A defendant has the right voluntarily to withdraw his motion for new trial and waive his right to appeal. See: State v. Harmon, Mo., 243 S.W.2d 326, 328[2], and cases there cited. Defendant asserts in his argument that immediately after the jury returned its verdict and before he filed his motion for new trial the court entered judgment imposing a sentence of fifty years'

imprisonment; that the sentence was reduced to twenty-five years after a conference in the judge's chambers in which it was agreed that he would withdraw his motion for new trial and waive his right to appeal. From these bare circumstances he implies, and would have us infer, that a fifty-year sentence was held by the judge in one fist as a coercive club over his head while the other hand held out a promise of a twenty-five year sentence if he would withdraw his motion for new trial and waive his right to appeal. There is no doubt that the punishment *assessed* immediately after verdict was reduced and the motion withdrawn as a result of a conference between the court and counsel in the judge's chambers, but this conference and result alone does not of itself support his implication nor warrant the inference he would have us draw. The transcript shows that both he and his attorney signed the memorandum withdrawing his motion and waiving right to appeal, and that he reaffirmed this decision when he appeared with his attorney for allocution and formal sentencing. He has been accorded his right to appeal notwithstanding his waiver. The record does not support, nor do the naked conclusionary assertions of his points and arguments support, his contentions that he was coerced and did not freely and voluntarily withdraw his motion for new trial.

■ The order made by the court fixing or *assessing defendant's* punishment immediately after the jury returned its verdict was not an "irregular judgment and sentence" which could not be reduced, as argued by defendant; nor was it a judgment and sentence denying defendant his rights, as contended in point three of his brief; it was, as the record shows, an order entered by the court in the exercise of its function of *assessing* the punishment of a defendant tried under the Habitual Criminal Act. Section 556.280; State v. Jaeger, Mo., 394 S.W.2d 347, 352–354[8–14]; State v. Brewer, Mo., 338 S.W.2d 863, 867[5].

■ Defendant contends in argument of the first point of his brief that he was denied effective assistance of counsel in that (1) counsel failed to correspond with him from the time of his appointment until trial day, (2) that counsel was "unlearned" in law and "unprepared" to try the case, and (3) defendant was unable to secure additional time within which to secure the presence of all his witnesses. The record does not support his contention. Assuming that it is true that counsel failed to correspond with him, we note that he fails to say how this affected the effectiveness of his counsel. The point is trivial. The record does not show that he requested and was denied a continuance to secure the attendance of witnesses, or that process for the compulsory and immediate attendance of witnesses was requested and denied him. We conclude from an examination of the transcript that defendant's counsel conscientiously and diligently protected his rights throughout the trial.

■■ The second point of defendant's brief was assigned as error in his motion for new trial, but the motion was effectively withdrawn. No request is made that we consider this point as plain error affecting substantial rights under Rule 27.20(c), nor is any effort made to show " * * * that manifest injustice or miscarriage of justice has resulted therefrom." This claim of error is one we have always required to be raised in a motion for new trial to be preserved for appellate review and is not a matter required to be considered on the record before us by Rule 28.02. See State v. Johnson, supra, and cases there cited. However, we state, ex gratia, that the evidence was sufficient to make a case for the jury, and that the court, therefore, did not err in overruling defendant's motions for judgment of acquittal.

Examination of the record as required by Rule 28.02 discloses no error.

The judgment is affirmed.

All concur.