STATE of Missouri, Respondent,

v.

Charles Raymond JOHNSON, Appellant.

No. 51927.

*Supreme Court of Missouri,*
*Division No. 1.*

Oct. 10, 1966.

Motion for Rehearing or for Transfer
to Court En Banc Denied
Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, William J. Raack, Asst. Atty. Gen., St. Louis, for respondent.

Robert J. Robinson, St. Louis, for appellant.

HYDE, Judge.

Defendant was convicted of forcible rape (Sec. 559.260) and sentenced under the habitual criminal statute (Sec. 556.280) to ten years' imprisonment. (Statutory references are to RSMo 1959 and V.A.M.S.) Defendant has appealed and his counsel makes two claims of error: (1) overruling his motion for a directed verdict and (2) permitting testimony of the police officer, who arrested defendant, that after arrest for and confrontation with the charge of rape defendant refused to make any statement.

Defendant filed no motion for new trial but after sentence, we allowed him to appeal out of time on application under Rule 28.07 on his claim of "abandonment by counsel and his ignorance concerning his right to initiate an appeal without benefit of counsel." However, in the transcript filed, we find the following document dated and filed June 29, 1965 (verdict was returned June 23, 1965): "Comes now the defendant, Charles R. Johnson, waives his right to file a motion for a new trial, his right to appeal, and requests the Court to sentence him in accordance with the jury verdict rendered in this cause 6–25–65. /s/ Charles R. Johnson. Robert J. O'Hanlon, Atty. for Deft."

On that day following the filing of this document, there were further proceedings, as follows: "APPEARANCES: Leo H. MacDonald, Assistant Circuit Attorney, for the plaintiff; Robert O'Hanlon, Esq., for the defendant; Defendant, Charles R. Johnson was present in person.

"MR. O'HANLON: We have a memorandum here.

"THE COURT: You are Charles Raymond Johnson, is that correct?

"A Yes, sir.

"THE COURT: And on another day you were found guilty by the jury, is that correct? A Yes, sir.

"THE COURT: And do you have any legal reason or cause why sentence should not be imposed upon you at this time?

"A No, sir.

"THE COURT: And in accordance with the verdict and finding of the jury, and the finding by the Court that you had one prior conviction of a felony, the Court commits you to the Department of Corrections for a period of ten years. Let the record show he waives the right to appeal and that is why the sentence was reduced from twenty-five to ten years on the recommendation of the Assistant Circuit Attorney. Is that correct, Mr. MacDonald?

"MR. MacDONALD: It is, Your Honor." (The transcript shows that at the time the verdict was returned the court had stated the punishment would be twenty-five years' imprisonment.)

 Defendant is represented on this appeal by different counsel but no contention is made that defendant did not knowingly and understandingly waive his right to file a motion for new trial and his right to appeal; and no request is made for us to consider the two stated claims of error under our Rule 27.20(c), nor is any attempt made to show "that manifest injustice or miscarriage of justice has resulted therefrom." See State v. Hecke, Mo.Sup., 328 S.W.2d 41. These are claims that we have always required to be raised in a motion for new trial to be preserved for appellate review (Rule 27.20 (a)) and are not matters required by Rule 28.02 to be considered on the record without being presented by a motion for new trial. See State v. Wiggins, Mo.Sup., 360 S.W.2d 716, 718; State v. Thompson, Mo. Sup., 324 S.W.2d 133, 136. From our reading of the record in this case, our view is that we would have to hold the evidence sufficient to make a case for the jury and that the motion for a directed verdict was

properly overruled. The cases cited by defendant, and other similar ones, were discussed by us in State v. Warren, Mo.Sup., 366 S.W.2d 311, 313. They are very different from the facts shown in this case. As to the police officer's testimony concerning the refusal of defendant to make a statement when first accused, the State contends that considering the whole testimony of this officer no prejudice resulted because a self-serving exculpatory statement of defendant was received in evidence as part of this officer's testimony. We do not rule these contentions because they are not properly before us for the reasons hereinabove stated. We thus note them only to show that we should not consider them on our own motion without any request or showing of any reasons for us to do so under our Rule 27.20(c).

 It further appears that defendant was represented at the trial and prior thereto by an attorney of his own choice (not one appointed by the court), who had prepared for trial by taking the deposition of the prosecuting witness. In a somewhat similar situation, we said in State v. Johnson, Mo.Sup., 336 S.W.2d 668, 669, quoting from Hudspeth, Warden v. McDonald, (USCA 10) 120 F.2d 962, 968: "[W]here, as in the case now before us, a defendant in a criminal case has retained counsel of his own choice to represent him it is settled by an overwhelming weight of authority that the commission by his counsel of what may retrospectively appear to be errors of judgment in the conduct of the defense does not constitute a denial of due process chargeable to the state. * * * It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them." Here defendant signified his acceptance of

the agreement made by counsel of his own choice, and approved by the court, by signing the memorandum filed which was also signed by his attorney. From our review of the transcript, it appears that counsel for defendant conducted an alert, intelligent and vigorous defense in his behalf.

Previous felony conviction, sentence, imprisonment therefor and discharge after serving sentence were affirmatively found by the court on evidence offered by the State. We have examined the record as required by our Rules 28.02 and 28.08, V.A. M.R., and find it sufficient with respect to those matters specified therein.

The judgment is affirmed.

All concur.