STATE of Missouri, Respondent,

v.

George CALDWELL, Appellant.

No. 53550.

Supreme Court of Missouri, Division No. 1.

Dec. 9, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Raymond Peltzman, Sp. Asst. Atty. Gen., Kansas City, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

ROBERT G. DOWD, Special Judge.

The defendant was charged under the Second Offender Act (Sec. 556.280) [1] with murder in the second degree (Sec. 559.020). The defendant admitted his prior felony conviction. The trial court made the necessary findings with reference to a prior felony conviction. The jury found the defendant guilty of manslaughter and he was sentenced under the Second Offender Act to ten years' imprisonment. The defendant has appealed from the ensuing judgment.

The evidence in behalf of the State supports a finding of the following facts: That on January 21, 1967, about 1:00 a. m. Police Officer Charles Boone of the Kansas City Police Department was called to the "On-The-Beam Tavern" by a lady who told him that a woman had been shot in the tavern. He went to the tavern and found a woman, apparently dead, lying on the floor toward the rear of the tavern. She was identified as Anna Johnson and was also known as "Big Ann." She was bleeding around her left armpit and there was blood on the floor around her. The officer asked who had shot her. The defendant came up and pointed out a butcher knife, also called a packing house boning knife, which was lying between Anna Johnson's feet. The defendant said, "There is the knife she tried to cut me with." Officer Boone asked defendant, "Where is the gun?" The defendant reached in his right coat pocket and pulled out a five shot Smith & Wesson revolver and handed it to the officer. The officer found that there were two spent cartridges and three live cartridges in the chamber of the gun. The knife had a five inch blade. The defendant told the officer that the victim tried to kill him with the knife.

At the police station, the defendant told Detective John E. McLarury that Anna Johnson took some money from him off the bar and wouldn't give it back; that he went to the other end of the bar rather than have an argument with her; and had a few more drinks. The defendant then stated to the officer that when he started to leave the tavern Anna Johnson again approached him; that they engaged in an argument and Anna Johnson then pulled a knife on him. The defendant further told the officer that he then took a gun from his pocket, fired it once at the floor and once at the deceased. Defendant further told the officer that after he fired the second shot, Anna Johnson turned around and walked toward the north end of the tavern parallel with the bar and when she reached near the end of the bar she turned back toward him, made some statement which he did not recall, and then fell on her back. Defendant showed the officer a spot on his leather coat which defendant said was where she swung at him with a knife but the officer was unable to find on the coat the place to which defendant was referring.

Dr. Thomas J. Fritzlen, deputy coroner, testified that he found two gunshot wounds on the body of Anna Johnson and the immediate cause of death was a gunshot

---

1. All section references are to Revised Statutes of Missouri, 1959, V.A.M.S.

wound of the heart. That both shots entered the victim's body from the left side. That the gunshot wound that caused the victim's death entered the left arm, went through the armpit, and went through the heart, and out the right armpit, and caused victim's death. The other gunshot wound which was superficial entered the lower left part of the abdomen and crossed the body from left to right. He was unable to determine which shot was fired first or the time interval between the shots. There was no evidence of powder marks around the wound to indicate that the gun was fired at a range of less than two feet; so that in his opinion, the gun was fired at a distance of greater than two feet. The gun could have been fired from ten feet to a greater distance.

A blood alcohol test was made of the deceased which showed that 0.205 percent by weight of her blood was alcohol. This indicated that the deceased was intoxicated. Under Missouri law a blood alcohol level of 0.150 percent is legal evidence of intoxication. (Sec. 564.442(3)).

Edward Hoard, the bartender on duty that night, heard a loud bang. He heard somebody say that "Big Ann" was shot and he saw her lying on the floor. He heard the defendant say, "Call the police" and "I am not going anyplace." Before the gunshot, he did not hear any argument between the defendant and the deceased. He heard no discussion between defendant and decease concerning money. There was a knife on the floor, but he did not know to whom it belonged. He did not see the deceased pull a knife.

John R. Scott, who was in the tavern that evening drinking beer with a friend, heard two shots and also heard someone say "Big Ann" had been shot. The deceased was then on the floor. He did not see the shooting. After two shots were fired he saw the defendant backing away from the bar. The defendant backed up about

eight to eleven feet before he stopped. At the same time, Anna Johnson had run toward the back of the bar, going in the opposite direction from defendant. When the deceased got to the end of a fairly long bar she fell. He did not hear any argument over money; he wasn't paying any attention. He did not see the deceased pull a knife.

The defendant did not testify. No defense witnesses were produced. The proper instructions were given at the trial by the Court including murder second degree, manslaughter and justifiable homicide based on self-defense. The form of these instructions is not questioned by defendant.

The defendant filed his motion for new trial upon the following grounds:

1. The verdict of the jury is against the law and the evidence.

2. The verdict of the jury is against the weight of the evidence.

3. Because the Prosecuting Attorney, in his final argument, made inflammatory and prejudicial statements to the jury concerning matters which were not in evidence.

Defendant contends on this appeal that the trial court erred in refusing defendant's motion for a directed verdict of not guilty offered at the close of all the state's evidence in that there is no evidence that the defendant feloniously shot Anna Johnson and all of the evidence tends to prove that defendant shot Anna Johnson in self-defense. This contention was not set forth as an assignment of error in the motion for a new trial. Nor is there any request made on appeal by the defendant that we consider this contention as plain error affecting substantial rights under Criminal Rule 27.20 (c) [2], commonly known as the plain error rule.

The law of Missouri is clear that the defendant's motion for a new trial is

---

2. References to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.

defective in that he did not comply with Court Rule 27.20 and preserved nothing for appellate review. A case in point is State v. Roberts, Mo., 332 S.W.2d 896, 898, which stated: "Under 42 V.A.M.S. Supreme Court Rule 27.20 assignments in motions for new trial are to set forth in detail and with particularity the matters complained of and the grounds for the error relied upon. State v. Hall, Mo., 102 S.W.2d 878(1); State v. Buckner, Mo., 80 S.W.2d 167(11). The following assignments in defendant's motion for new trial do not comply with Rule 27.20 and preserve nothing for appellate review:

" 'The verdict was against the weight of the evidence.' State v. Benjamin, Mo., 309 S.W.2d 602, 607(10); State v. Hall, supra (4).

" 'The verdict was against the law.' State v. Daegele, Mo., 302 S.W.2d 20, 22 (2).

" 'The verdict was against the law and the evidence.' State v. Turner, Mo., 320 S.W.2d 579, 586(17).

" 'The closing argument on behalf of the State was an appeal to bias and prejudice.' State v. Mathews, Mo., 328 S.W.2d 642, 645(5); State v. Ruffin, Mo., 286 S.W.2d 743, 749(20)."

█ The claim of error in overruling defendant's motion for a directed verdict must be raised in a motion for a new trial to be preserved for appellate review (Rule 27.20(a)) and is not a matter required by Rule 28.02 to be considered on the record without being presented by a motion for a new trial. State v. Johnson, Mo.Sup., 408 S.W.2d 24, 25.

The Court in State v. Johnson, supra, referred to State v. Wiggins, Mo.Sup., 360 S.W.2d 716, 718, which held that if the defendant desired a review of the sufficiency of the evidence to support the submission under the provisions of the Habitual Criminal Act, he should have assigned the alleged insufficiency thereof as a ground in his motion for a new trial, and

in the event of an adverse ruling he could have appealed. The Habitual Criminal Statute in effect at the time of trial in State v. Wiggins, supra, required the State to present to the jury the evidence concerning defendant's prior conviction, imprisonment and discharge, and the jury, under appropriate instructions, made its findings in regard thereto in the same manner as it determined other issues in the case. (This procedure has been changed by our present Habitual Criminal Act.)

In substance the defendant made the same contention of error as was made by the defendant in State v. Phason, Mo. Sup., 406 S.W.2d 671, 673, 674. In State v. Phason, supra, the defendant contended that the trial court erred in refusing the motion for acquittal at the close of the State's case, and again at the close of all the evidence, contending that the evidence was insufficient to establish a prima facie case of rape. The defendant in that case raised this point in his motion for a new trial but later withdrew his motion for a new trial. In holding the defendant had effectively withdrawn his motion for a new trial, the Court stated at 1. c. 674: "No request is made that we consider this point as plain error affecting substantial rights under Rule 27.20 (c), nor is any effort made to show ' * * * that manifest injustice or miscarriage of justice has resulted therefrom.' This claim of error is one we have always required to be raised in a motion for [a] new trial to be preserved for appellate review and is not a matter required to be considered on the record before us by Rule 28.02. See State v. Johnson, supra, and [the] cases there cited."

However, even though defendant's contention is not preserved for appellate review, we will still consider defendant's contention on the merits.

█ As stated by this Court in State v. Vincent, Mo., 321 S.W.2d 439, 441: "In testing the sufficiency of the evidence in a criminal prosecution by such a motion to

direct a verdict of acquittal, the facts in evidence must be considered in a light most favorable to the state. State v. Lawrence, Mo.Sup., 280 S.W.2d 842, 846(2). Accordingly, we shall consider as true the evidence favorable to the state and the favorable inferences reasonably to be drawn therefrom and disregard all evidence and inferences to the contrary. State v. Benjamin, Mo.Sup., 309 S.W.2d 602, 604; State v. Thomas, Mo.Sup., 309 S.W.2d 607, 609." This is the test to be applied in this case.

■ The defendant contends that all the evidence tends to show that defendant shot Anna Johnson in self-defense. Defendant relies on his self-serving statements made to the police officers. However, there was other evidence submitted to the jury by the witnesses Edward Hoard and John R. Scott which negated self-defense. The issue of self-defense was properly submitted to the jury and was a jury question. State v. Singleton, Mo.Sup., 77 S.W.2d 80; State v. Austin, Mo.Sup., 367 S.W.2d 485, 486.

■ The State was not bound by the self-serving statements made by the defendant even though the statements were testified to by the police officers in the State's case. As was pointed out in State v. Key, Mo.Sup., 411 S.W.2d 100, 1. c. 102: " 'In any event, it is clear that a party is not bound or concluded by the testimony of his witnesses in the sense that he may not present evidence in contradiction thereof; a party may prove his claim or defense by any proper evidence even though such evidence conflicts with the testimony given by his witness.' 32A C.J.S. Evidence § 1040(1), p. 765; State v. Jones, 363 Mo. 998, 1005, 255 S.W.2d 801, 804."

It was likewise held in State v. Brookshire, Mo.Sup., 368 S.W.2d 373, 385, that the state is not compelled to accept as true the self-serving statements contained in a defendant's confession or admission which is introduced by the state. The Court stated at 1. c. 385: "In the case now before us, Brookshire told the sheriff about the occurrence including what the defendant

had said in justification of the shooting. The trial court gave an instruction on self defense and defense of defendant's home. That complied with the ruling in State v. Wright, 352 Mo. 66, 175 S.W.2d 866."

The jury was free to disbelieve and reject the self-serving statements made by the defendant to the police officers and to decide the guilt of the defendant based on all the evidence and the instructions given by the trial court.

The evidence showed that the defendant was drinking in the "On-The-Beam Tavern" with a loaded .38 calibre revolver on his person. The evidence further showed that the defendant shot the deceased twice with both bullets entering from the left side of the deceased. That these two shots were discharged by the defendant from a distance of greater than two feet and could have been greater than ten feet. That the deceased was intoxicated and weighed approximately two hundred fifty pounds. The evidence further showed that after defendant shot Anna Johnson twice he backed up about eight to eleven feet before he stopped. None of the witnesses heard any argument between the deceased and the defendant and none of the witnesses saw the deceased with a knife or coming at the defendant with a knife.

■ The evidence reviewed here in detail was sufficient to sustain the charge that the defendant willfully, feloniously made an assault upon Anna Johnson with a dangerous and deadly weapon, a loaded .38 calibre revolver, and killed her without malice and without premeditation and under such circumstances that it was not excusable or justifiable homicide. The trial court did not err in overruling defendant's motion for judgment of acquittal.

Examination of the record as required by Rule 28.02 discloses no error.

The judgment is affirmed.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., not sitting.