**STATE of Missouri, Respondent,**

v.

**Lyle Stacy CLARK, Appellant.**

**No. KCD 27923.**

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

Gerald Kiser, Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to kill with malice aforethought, Section 559.180, RSMo 1969. The jury fixed the punishment at seven years in prison.

Defendant's attorney filed a motion for a new trial, but thereafter defendant, with his attorney, appeared in open court and informed the court defendant desired to withdraw his motion for a new trial and waive his right to appeal. The court granted defendant the right to withdraw his motion for a new trial. Defendant, some five months thereafter, applied to this court and was granted leave to file a notice of appeal out of time.[1] Finding defendant freely and voluntarily waived his right to appeal, the appeal is dismissed.

When defendant with his counsel appeared in court subsequent to the filing of the motion for a new trial, defendant's counsel informed the court that defendant desired to withdraw his motion for a new

---

1. It should be noted that the question of a waiver of his right to appeal was not decided at the time leave was granted to file a notice of appeal out of time.

trial and to waive his right to appeal. Thereupon the court conducted a far reaching inquiry, which covers seven pages in the record, designed to satisfy the court that the defendant was freely, knowingly and voluntarily withdrawing his motion for a new trial and waiving his right to appeal. The court directed questions both to the defendant and to his counsel. The court made as full and complete an inquiry as would have been conducted prior to accepting a guilty plea. This despite the fact such a full inquiry is not required to find a voluntary waiver of the right to appeal. *McNamara v. State,* 502 S.W.2d 306 (Mo. 1973). Near the end of the inquiry, the following occurred:

THE COURT: But you'd have, at least, you have a right to have your motion taken up, argued and ruled and I would do that if you, if you want me to. Also if, if I, if it's rendered, if my decision would be adverse to you, you then would have a right to appeal this case, and you're waiving all of those rights and that you can't come back at some later date and file another motion for a new trial or ask you, that this one be heard. You're asking to withdraw, is that right Mr. Kiser?

MR. KISER: Well, withdraw the motion for a new trial, and waive our right to appeal, correct.

THE COURT: All right.

MR. KISER: And I think he understands that, that this action is one that he has the right to take and that I have talked to him about the probabilities and possibilities of a motion for new trial and appeal, and we—and of course, I've advised him what I think about it and he, he has made up his own mind.

THE COURT: Is that right, Mr. Clark?

THE DEFENDANT: Yes, sir, in fact I made up my mind when I was in the hospital that any results in any new trial would probably wind up the same, and I have no complaint with the jury's finding whatever. In fact, it was about as low as you could get.

The court found the defendant understood the consequences of his action in withdrawing his motion for a new trial and waiving his right to appeal and further found that such action was voluntarily done with full understanding of his legal rights. The court further found the defendant was competent to understand the proceedings and the consequences of his acts.

It should be noted parenthetically that the reference to the defendant being in the hospital was in connection with a lung condition and had no relation to the defendant's mental capacity.

On this appeal defendant seeks to raise a question concerning the sufficiency of the evidence and the correctness of two instructions. However, defendant makes no mention of his waiver of his right to appeal and his withdrawal of his motion for a new trial. Needless to say, he raises no question concerning the voluntary and knowing action on his part in waiving his right to appeal and in withdrawing his motion for a new trial.

"A defendant has the right voluntarily to withdraw his motion for new trial and waive his right to appeal." *State v. Phason,* 406 S.W.2d 671, 673[1, 2] (Mo.1966). In this case, the court found, and the defendant does not question such finding, that defendant did voluntarily and knowingly waive his right to appeal.

In *State v. Harmon,* 243 S.W.2d 326 (Mo. 1951) the court discussed the effect of a waiver of the right to appeal. The court at 243 S.W.2d 330 quoted from a Pennsylvania case in which the trial court held the defendants had waived any right on appeal to urge any error occurring prior to sentence as follows: " 'In our view any other conclusion would amount to permitting the appellant to defeat the ends of justice by a trick played upon the district attorney and the trial court. While an appellate court will be slow to find a waiver of the right of appeal as a matter of inference, it should do so without hesitation where the intention to waive it is as clear as it is here.' " The court then added its own view: "We also

should have no hesitation in holding that a defendant waives his right to appeal or to urge alleged error on appeal where the intention to so waive clearly appears from the record."

In this case there is no doubt the defendant freely, voluntarily and knowingly withdrew his motion for a new trial and waived his right to appeal. There is further no doubt that in so doing he intended to waive his right to rely on any error occurring during the trial. In the face of the unchallenged finding by the trial court, fully supported by evidence, that defendant waived his right to appeal, this court cannot draw any different conclusion.

Since the defendant has voluntarily waived his right to assert any alleged error and his right to appeal, there is nothing for this court to review. Defendant does not raise any question concerning his sentence or any error alleged to have been committed subsequent to the sentencing. It, therefore, follows the appeal must be dismissed.

All concur.