**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Michael R. REYNOLDS, Defendant–
Appellant.**

**No. 22462.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1999.

Motion for Rehearing or Transfer
Denied July 21, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Emmett D. Queener, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Michael R. Reynolds ("Defendant") was charged by felony information with murder in the first degree in violation of Section 565.020, RSMo 1994, and armed criminal action in violation of Section 571.015, RSMo 1994. The information was later amended to charge Defendant as a prior offender pursuant to Sections 558.016, 557.036, and 558.019, RSMo 1994. A jury found Defendant guilty of both crimes. Defendant filed a motion for judgment of acquittal or, in the alternative, for new trial which was overruled. The court sentenced Defendant to a term of life without the possibility of probation or parole for the offense of murder in the first degree, and a consecutive term of twenty years for the offense of armed criminal action. Defendant appeals.

Defendant does not attack the sufficiency of the State's evidence to support the verdict. The evidence, in the light most favorable to the verdict, shows that Defendant was living in the home of the victim at the time of the murder. Defendant did not pay rent; instead he helped with bills and groceries, and did work around the house. On the day of the murder, the victim approached Defendant to ask him why some work had not been finished. The two got into a fight which resulted in an injury to Defendant's face. During the fight, the victim said that he "ought to kill" Defendant. Shortly after the fight, the victim asked Defendant if he was okay and suggested that he lie down for a while. Several minutes later, the victim returned from a new addition being added to the house and stood outside Defendant's room. Defendant, who had retrieved a SKS 7.62 assault rifle, said to the victim, "This is for you," as he raised the rifle and shot and killed him.

By way of background, we note that Defendant offered a theory of self-defense at trial. He claimed that when he went to his bedroom to lie down, he heard a "click" like the sound of a round being chambered in a rifle. He feared that the victim was going to make good on his threat to kill him, so he armed himself with a weapon and left his room to "investigate" the noise. Before he looked into the victim's bedroom, he leaned his gun up against a wall. When he found the victim in his bedroom, the two of them stared at each other for a few seconds. The victim then got a wild look in his eyes and made a sudden movement to his left. Defendant thought the victim was reaching for a gun and, without thinking, he spontaneously grabbed his gun, and shot and killed the victim.

For his first point relied on, Defendant complains that the trial court erred in overruling his objection to a hypothetical question posed by the State to defense witness Dr. Martinez during *voir dire* examination because the hypothetical question was not based upon facts contained in the evidence and suggested to the jury that the prosecutor was aware of facts not in evidence and prejudicial to Defendant.

 The sufficiency of a hypothetical question is addressed to the sound discretion of the trial court. *Rhodus v. Wheeler,* 927 S.W.2d 433, 438 (Mo.App. W.D.1996). However, when an expert is asked to assume certain facts as true in order to answer a hypothetical question, those facts must be established by the evidence. *Id.*

At trial, Dr. Martinez, an expert in toxicology, was called by Defendant to testify as to the presence of methamphetamine and marijuana in the blood stream of the victim as shown in autopsy and toxicology reports. The State objected when Defendant's attorney attempted to show a toxicology report to Dr. Martinez, and asked

to *voir dire* the witness. During *voir dire,* the following occurred:

> STATE: Does methamphetamine have the same resulting behavior in all persons?
>
> WITNESS: Amazingly it produces very similar effects in all persons irregardless of their predisposing personalities, so the answer is pretty much yes.
>
> STATE: Everyone that takes methamphetamine is going to be aggressive?
>
> WITNESS: Yes.
>
> * * * *
>
> STATE: Now, so if someone were hypersensitive, say if they heard clicks or something like that and then they got like a weapon and went through a house and they shot somebody, that they saw before, they even located a weapon, would that be indicative of somebody on methamphetamine, or symptoms of?

At this point, counsel for Defendant objected on the ground that the question called for speculation. The court overruled the objection. Dr. Martinez, however, declined to answer the question because it called for "more speculation than [he could] answer." [1]

 We note that this Court will generally not convict a trial court of error on an issue which was not put before it to decide. *State v. Leitner,* 945 S.W.2d 565, 573 (Mo.App. S.D.1997). If a defendant objects at trial and states one basis for the objection, he will not be allowed to change that basis on appeal. *Id.* Issues raised for the first time on appeal are not preserved for review. *State v. Jones,* 979 S.W.2d 171, 186 (Mo. banc 1998). In this case, Defendant objected to the hypothetical question posed by the State on the ground that it called for speculation. On appeal, however, he contends that the trial court erred in overruling his objection to the

---

1. The trial court gave a jury instruction based on MAI–CR3d 302.02: "You must not assume as true any fact solely because it is included in or suggested by a question asked a witness.

A question is not evidence, and may be considered only as it supplies meaning to the answer."

hypothetical question because it "was not based upon facts contained in the evidence, and suggested to the jury that the prosecutor was aware of facts not in evidence and prejudicial to [himself]."

We may, nevertheless, review for plain error substantially affecting the rights of a defendant which resulted in a manifest injustice or miscarriage of justice. Rule 30.20, Missouri Rules of Criminal Procedure (1998). More than a mere showing of demonstrable prejudice is required as a basis for reversal under plain error. *State v. Schaal*, 806 S.W.2d 659, 664 (Mo. banc 1991).

In this situation, Dr. Martinez did not answer the question to which Defendant objected, saying instead that an answer would require too much speculation. Although a question without an answer can be prejudicial, the general precept is that no prejudice occurs when an improper question is asked but not answered. *State v. McClanahan*, 954 S.W.2d 476, 478 (Mo. App. W.D.1997). Even if the question asked in this case was improper, we are unable to conclude that merely asking it requires relief for plain error. Defendant's point is denied.

For his second point relied on, Defendant asserts that the "trial court plainly erred in permitting the State to inject matters into the minds of the jurors during closing argument that were not proper for their consideration ... in that the State argued [Defendant's] future dangerousness, suggested that the jurors were personally in danger, made inflammatory appeals to arouse personal hostility toward [Defendant], and urged the jurors to vote in a manner they could justify to their families." Defendant recognizes that his trial counsel failed to object to the allegedly improper arguments that he asserts on appeal, however, he requests that we review for plain error.

In reviewing for plain error, we review to see whether the closing argument so impacted upon the defendant's rights as to result in a manifest injustice or a miscarriage of justice. *State v. Watson*, 839 S.W.2d 611, 617 (Mo.App. E.D. 1992). An appellate court should rarely grant relief on assertions that a trial court plainly erred in not *sua sponte* taking remedial action in closing argument. *Id.* This is because, in the absence of a specific request for relief, any action taken by the trial court is uninvited interference with summation, which intervention itself may be error. *Id.* Substantial latitude is allowed in closing argument and improper argument does not justify relief unless the defendant demonstrates that the argument had a decisive effect on the jury. *Id. See also State v. Hall*, 982 S.W.2d 675, 683 (Mo. banc 1998). For an argument to have had a decisive effect, there must be a reasonable probability that, in the absence of the argument, the verdict would have been different. *State v. Baller*, 949 S.W.2d 269, 272 (Mo.App. E.D.1997).

Defendant first complains about the following portion of the State's closing argument:

Now, the other element in the verdict director is that the defendant did not act in lawful, self-defense. Okay, you know frankly if you believe, if you believe what happened in this case, even listening to the testimony of the defendant himself, if you believe that that's self-defense and that gives you a license to go and shoot and kill somebody – walk this guy. *Walk him out of here right now and say he's not guilty. He's a free man. He can walk out of here and he can do it again.* (Emphasis added.)

Defendant complains that the argument was "improper and injurious" because it "was a clear reference to the possibility that [Defendant] would be a danger in the future."

It is not proper for a prosecutor to speculate as to future possible acts or conduct of the defendant. *State v. Schaefer*, 855 S.W.2d 504, 507 (Mo.App. E.D.1993). It is a prosecutor's speculation

about a defendant's propensity to commit future *criminal* acts, however, that is error. *See State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.1970); *State v. Baller,* 949 S.W.2d at 272; *State v. Sielfleisch,* 884 S.W.2d 422, 431 (Mo.App. E.D.1994); *State v. Taylor,* 831 S.W.2d 266, 270 (Mo.App. E.D.1992). In other words, a defendant has the right to be tried only for what crime he has or has not done, and not for what crime he might do in the future. *State v. Chapman,* 936 S.W.2d 135, 140 (Mo.App. E.D.1996). Here, the prosecutor commented that if the jury found the acts committed by Defendant to be legally permissible (i.e., justifiable self-defense), then Defendant could walk out of the courtroom and do it again. He did not allude to the fact that Defendant could walk out of the courtroom and commit future *criminal* acts. For this reason, we find no plain error in the complained of argument.

█ Defendant next complains about the following statements made by the State during rebuttal closing argument:

> The question is, what is reasonable, okay? If you decide that based on the evidence here today, if the defendant is not guilty based on self-defense, his reasonable belief *anybody in any case can say, well, I thought that juror number 16 was going to shoot me so I walked over there and got the gun and shot him first.* That's not reasonable is it? It's not reasonable in this case either. (Emphasis added.)

Defendant complains that this argument was "improper and injurious" because it constituted a "personalization" to the jury by which the jurors were caused "to think about the gun present in the courtroom" and "feel some danger from [Defendant]" if he should be acquitted.

█ A prosecuting attorney may not make an inflammatory appeal to the jurors to arouse their personal hostility toward or personal fear of the defendant, such as implanting in their minds the fear that the defendant's acquittal will endanger their own personal safety or that of

one of their family members. *State v. Kriebs,* 978 S.W.2d 460, 466 (Mo.App.S.D. 1998). An argument is not personalized, however, unless it suggests a personal danger to the jurors or their families if the defendant, himself, is acquitted. *State v. Lyons,* 951 S.W.2d 584, 596 (Mo. banc 1997). In this case, the State commented that *anybody* in *any* case could say, "[W]ell, I thought that juror number 16 was going to shoot me so I walked over there and got the gun and shot him first." This comment did not suggest personal danger from Defendant if he were acquitted. We also note that there is no showing in the record that "juror number 16" referred to any person actually serving on the jury panel. For these reasons, we do not find that the comment constituted plain error.

█ Defendant also complains about the following statements made by the State during argument:

> Who can you believe? ... The defendant has a reason to lie. He does not want to be convicted of this offense even though he's responsible for the death of [the victim]. He cause[d] it. It's his fault. *[The victim] is six feet underground in a watery grave because of that man right there.* And today is [the victim's] day in court too. (Emphasis added.)

Defendant claims that this argument sought "to generally inflame the passions of the jurors against [him]."

We are confident that no plain error is demonstrated which would warrant relief based on this comment. There was no issue at trial about whether the victim in this case was dead or whether Defendant caused his death. At issue was only whether or not Defendant was legally justified in killing the victim. As previously stated, for an allegedly improper argument to warrant plain error relief, it must have had a decisive effect on the jury. For an argument to have had a decisive effect on the jury, there must be a reasonable prob-

ability that, in the absence of the argument, the verdict would have been different. We do not find such a reasonable probability to exist here and find no plain error.

■ Finally, Defendant complains of the following statements:

You don't get that right to kill somebody just because they got the best of you in a fight. You can't cry self-defense and have it be so just because you say it is. There have to be facts to back it up. There is no self-defense in this case. *Whenever you go home tonight after you're done deliberating, whenever you go home, you talk to your husbands and wives, kids and they ask you what you did today, I want you to be able to tell them, we did the right thing today.* So whenever you go back and deliberate in that jury room, think of the facts. You get the verdict directors out and the verdict forms. Return a verdict of guilty of murder in the first degree and guilty of armed criminal action. (Emphasis added.)

■ Again, we find no plain error. A prosecutor is allowed to appeal to the conscience of the community. In a recent Missouri Supreme Court case, *Hall*, 982 S.W.2d 675, the prosecutor stated during the penalty phase, "[D]o what is right in this case." Finding no error, the Court stated that a prosecutor is allowed to argue that the jury should send a message that criminal conduct will not be tolerated, that there is a need for strong law enforcement, and that conviction is part of the jury's duty. *Id.* at 684.

Accordingly, the trial court did not commit plain error with regard to the State's closing arguments, and Defendant's second point is denied.

The judgment is affirmed.

MONTGOMERY, J., and BARNEY, J., concur.